<hr/>

REUBEN PUTNAM

*v.*

CASE WADLEY.

1. NEW TRIAL — *verdict against the evidence.* This was a suit upon a lost note, the execution of which was in issue, and the verdict was for the defendant. The evidence was uncertain and unsatisfactory, and the court refused to disturb the verdict.

2. PROOF OF HANDWRITING — *in what manner it may be made.* Proof of the signature of a party cannot be made by comparison with other signatures, but the handwriting must be proven by witnesses who have seen the party write, and are familiar with his signature, or who have seen letters or other documents which the party has, in the course of business, recognized or admitted to be his own handwriting.

3. It is not enough that the witness may have seen the signature of the party to other instruments than 'that, the execution of which is sought to be established, unless such other instruments are shown to have been recognized by the party as having been signed by him.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

This was an action commenced before a justice of the peace in Kankakee county, by Reuben Putnam against Case Wadley, to recover upon a lost note. The cause was removed into the Circuit Court by appeal. On the trial, the plaintiff, to lay the foundation for the introduction of secondary evidence of the contents of the note, presented his own affidavit, stating that he had held the note of the defendant, bearing date on the 17th or 18th of September, for fifty-eight dollars and fifty cents, drawing interest at six per cent., and that the note was lost. The defendant filed an affidavit denying the execution of the note. The evidence was conflicting, and is sufficiently stated in the opinion of the court.

Several instructions were given, but it is only necessary to notice the second and third which were given for the defendant, and which were as follows:

"2d. The court instructs the jury that the proof of the signature of the defendant to the note in question, cannot be made by comparison with other signatures, but the burden of proof of his handwriting must be made by witnesses who have seen defendant write, and are familiar with his signature, or who have seen letters or other documents which the defendant had, in the course of business, recognized or admitted to be his own handwriting."

"3d. The court instructs the jury that, although a witness may swear that he has seen the defendant write, yet this is not proof of the execution of an instrument of writing, purporting to be executed by the defendant, unless the witness is able to distinguish the signature to said instrument as that of the defendant, according to the belief of the witness, founded on his previous knowledge of the handwriting of the defendant."

To the giving of these instructions the plaintiff excepted.

The jury returned a verdict for the defendant. A new trial was refused, and a judgment was entered against the plaintiff for costs, from which he took this appeal. The questions arising in the case are, whether the execution of the note was proven, and what is the correct rule in regard to the manner of proving one's signature.

Mr. STEPHEN R. MOORE, for the appellant.

Mr. C. A. LAKE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought originally before a justice of the peace on a lost note. The defendant denied the execution of the note by an affidavit, and the jury found for the defendant.

We do not consider the proof of the execution satisfactory. Only two of the witnesses had ever seen the defendant write, and they do not claim any familiarity with his handwriting, nor do they testify with any positiveness. They only remember having seen a note purporting to be signed by the defendant in the possession of plaintiff, but they do not pretend to have had their attention especially directed to the handwriting. On the other hand, the evidence offered by the defendant shows that in a conversation between the parties, after the note is alleged to have been given, the plaintiff claimed defendant owed an old store account which defendant insisted was paid, but plaintiff said nothing of a note. The whole evidence is uncertain and unsatisfactory, and we are not disposed to disturb the finding of the jury, as being against the evidence.

It is also insisted that the court erred in not permitting certain questions to be asked the witness Hanuth for the purpose of showing his acquaintance with the handwriting of defendant. He was asked if he had seen the signature of defendant to a certain other note, or to official returns made by him as constable. No proof was offered that the defendant had recognized the returns as signed by him, or that the note

seen by the witness and purporting to have been signed by defendant was the same note referred to by defendant in his affidavit as having been given by him. The defendant not offering any further proof in connection with these questions, we cannot see that the refusal to permit them to be answered worked him any harm.

The instructions given correctly laid down the law. The qualification of the second instruction asked by plaintiff may not have been required by the evidence, but it was correct as matter of law, and can have worked the plaintiff no prejudice.

*Judgment affirmed.*