THE BOARD OF TRUSTEES OF TOWNSHIP 13 S, R. 3 W.

*v.*

JOSHUA L. MISENHEIMER *et al.*

1. EVIDENCE — *as to handwriting.* A witness may have sufficient knowledge of a handwriting to give his opinion as to a disputed signature, although he may never have seen the party write. There are two modes by which a knowledge of the handwriting of another may be acquired, *first*, by having seen the party write, and *secondly*, from having seen letters, bills and other documents purporting to be the handwriting of the party, and having afterwards *personally* communicated with him respecting them, or *acted upon them* as his, the party having known and acquiesced in such acts, founded upon their genuineness, or by such adoption of them into ordinary business transactions of life as induces a reasonable presumption of their being his own writings.

2. But where the witness has no acquaintance with the handwriting of the party until after a particular signature is denied, and he then examines his report as guardian, filed in the county court, and the signature thereto, he will not be competent to give an opinion as to the genuineness of the signature in dispute, his knowledge being derived under circumstances calculated to bias his mind.

3. SCHOOL TREASURER'S BOND—*liability for releasing debt secured by mortgage.* If a school treasurer releases a mortgage given to secure a debt due the school fund of his township, without an order of the board of trustees, or a majority of them, entered upon their journal, and subscribed by their president and clerk, he will be liable upon his official bond for any loss sustained in consequence thereof.

4. INSTRUCTIONS—*must be based upon evidence.* It is error to give an instruction upon a given state of facts susceptible of definite proof, where there is no evidence tending to prove the same.

APPEAL from the Circuit Court of Union county; the Hon. M. C. CRAWFORD, Judge, presiding.

Messrs. MULKEY & ANDREWS, and Mr. GEO. W. WALL, for the appellants.

Mr. R. R. TOWNES, and Mr. W. S. DAY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This is an action of debt, brought by appellants, against appellees, on the official bond of Misenheimer, as township treasurer of township · 13 south, range 3 west, in Union county. Appellees pleaded jointly, traversing the several breaches of the bond assigned in the declaration, and appellee Leyerle also pleaded *non est factum,* verified by affidavit. Issues were joined on all the pleas, and the jury rendered a verdict, upon which the court gave judgment, for appellees.

The first question presented is, was the evidence of Hugh Andrews, in relation to the genuineness of the signature purporting to be Leyerle's, to the bond, properly excluded from the jury?

It is true, as contended by counsel for appellants, a witness may have sufficient knowledge of a handwriting to give his opinion of a disputed signature, although he may never have seen the party write. It is said in 1 Greenleaf's Evidence, sec. 577, after stating that there are two modes by which knowledge of the handwriting of another may be acquired, and giving the first, namely, by having seen the party write, "the second mode is, from having seen letters, bills or other documents purporting to be the handwriting of the party, and having afterwards *personally* communicated with him respecting them, or *acted upon them* as his, the party

having known and acquiesced in such acts, founded upon their supposed genuineness, or by such adoption of them into *ordinary* business transactions of life as induces a reasonable presumption of their being his own writings, evidence of the identity of the party being, of course, added *aliunde*, if the witness be not personally acquainted with him. In both these cases, the witness acquires his knowledge by his own observation of facts occurring under his own eye, and, which is especially to be remarked, without having regard to any particular person, case or document."

But Andrews does not profess to have had any acquaintance with Leyerle's handwriting until since he was informed he denied the signature to the bond, when, as he says, to satisfy himself, he went to the county clerk's office and examined his signature to his reports as guardian, and, from a comparison of those, he formed an opinion that the signature to the bond is that of Leyerle. This is clearly insufficient to entitle him to give his opinion in evidence. His knowledge was acquired under circumstances tending to bias his mind, imperceptibly though it may have been to himself. It is scarcely probable that he did not have some impression as to the genuineness of the signature before he examined the guardian's reports. That he felt an interest in the question, is shown by the fact that he put himself to the trouble to make the examination. When, therefore, he investigated, however honest he may have believed himself to be, the natural tendency of his mind would most likely find something to confirm his preconceived opinion. In this way, important differences may have been overlooked, and slight resemblances greatly magnified. Knowledge thus acquired is vastly different from that acquired by repeatedly seeing a handwriting, and scrutinizing it, when no unfavorable circumstances exist to arouse suspicion and excite the imagination.

The evidence was properly rejected.

The next question is, were the following instructions, numbered one and six, in the series given at the instance of appellees, properly given :

"1.   The court instructs the jury that township treasurers, under the laws of this State, are public officers, appointed by the board of trustees in their respective townships; that such treasurers, after they are so appointed and qualified, are the legal custodians of all books, papers, notes, due-bills, mortgages, moneys and all other evidences of indebtedness to the township of which they are treasurers, subject to the control of the board of township trustees; that such treasurers are required by law to make full and complete reports and exhibits of all books, papers, notes, due-bills, mortgages and other evidences of indebtedness, to said board of township trustees, for their inspection, at least twice in each year, and oftener if required so to do by said board; that he is at all times subject to removal by said board, for any failure on his part to perform any of the duties required of him by law or by the by-laws, resolutions, orders or instructions of said board; that while he is the custodian of such funds and securities, the township trustees are the guardians of the same, and at all times have the legal authority to control and manage the same, and if the treasurer, while acting under the orders or requisitions of the township trustees entered upon the records, and signed by their president and clerk, makes misapplication or misuse of such funds, they become personally liable therefor, and, under such circumstances, the treasurer would not be liable."

"6.   The court instructs the jury that, for any failure or refusal of a school treasurer to perform any or all the duties required of him by law, he shall be liable to the board of trustees upon his bond, to be recovered by action of debt by said board in their corporate name, for the use of the proper township; but if said treasurer, in any such failure or refusal, acted under or in accordance with the requisition or

order of said board, or a majority of them, and by reason of said requisition, order or approval, such township suffers loss, defalcation or misapplication of township school funds, such order, requisition or direction being entered of record on the journal of such board, signed by the president and clerk thereof, then, and in that case, the members of said board aforesaid, or those of them voting for said order, requisition or direction aforesaid, and not the treasurer, shall be liable, jointly and severally, to the inhabitants of such township, to be recovered by a proper action against them; and if the jury believe, from the evidence, that the said Joshua L. Misenheimer was acting in accordance with the direction or requisition of the board of township trustees of township No. 13 south, range 3 west, entered upon their record and signed by their president and clerk, in the release of certain real estate mortgages, and in the use of township funds, and by reason thereof the alleged loss occurred, your verdict should be for the defendants."

The only evidence in the record which appellees claim will justify these instructions, is that of Misenheimer. It is this: "The mortgage executed by William G. Campbell and wife was released by me without any authority from the trustees of said township at the time, and the amount afterwards accounted for to the trustees in this way: that I myself became responsible for said amount, which report or statement to said trustees was approved by them, but whether anything was entered of record in reference to this approval, I am not now able to state. There was also about $186.60 deficiency on interest upon this $1000 at the time of the execution of the third bond."

In no other part of his testimony does he state, nor does any other witness swear, that, in regard to the Campbell note and mortgage, and the interest due thereon, he acted under and in conformity to a requisition or order of the board of trustees, or a majority of them, *entered upon their journal and*

*subscribed by their president and clerk;* and unless this was done, the liability of the trustees did not attach, and Misenheimer and his sureties were not released.   Gross' Statutes 1869, p. 703, sec. 64.

It was incumbent on appellees to prove that this requisition or order of the board was entered upon the journal, and subscribed, as the statute requires.   The evidence did not tend to prove it.   The witness simply had no recollection one way or the other.   The matter was susceptible of definite proof, and, until the proof was produced, it was error to instruct the jury upon the assumption there was proof before them which might be held sufficient.

Since we are unable to say upon which plea the verdict of the jury may have been found, it follows, for the error in giving these instructions, the judgment must be reversed and the cause remanded.

*Judgment reversed.*