## DAVID N. SNYDER
### v.
## CALEB McKEEVER.

EVIDENCE—PROOF OF HANDWRITING.—Witnesses to prove the signature of a person must either have seen the party write, or they must be acquainted with his handwriting from have seen letters, bills or documents purporting to be in his handwriting, and having afterwards communicated with him respecting them, or acted upon them as his, he having known and acquiesced in such acts, founded upon their supposed genuineness. Mere examination of signatures admitted to be genuine, and comparison of the same with the one in dispute, is not sufficient.

ERROR to the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding, Opinion filed January 17, 1882.

Mr. E. C. GRAY, and Messrs. TIPTON & RYAN, for plaintiff in error; that it is error to give an instruction which singles out and gives undue prominence to certain facts, cited Calef v. Thomas, 81 Ill. 478; Callaghan v. Myers, 89 Ill. 566; Logg v. The People, 92 Ill. 598; Hatch v. Marsh, 71 Ill. 370; Homes v. Hale, 71 Ill. 552; Frame v. Badger, 79 Ill. 441.

Snyder v. McKeever.

Mr. A. SAMPLE, for defendant in error; that when thee xecu-tion of an instrument is denied under oath, the burden is upon the plaintiff, cited Simpson v. Davis, 119 Mass. 269; Willett v. Shepherd, 34 Mich. 106.

HIGBEE, P. J. This was an action of assumpsit by Snyder against McKeever, in the Ford Circuit Court, to recover the amount claimed to be due on an open account, and an instru-ment in writing in the following form:

"GIBSON, ILL., February 13, 1876.

"This is to certify that D. H. Snyder and myself have this day settled up all our stock business including shock corn, leaving a balance due D. H. Snyder of $95.76.

"(Signed): CALEB McKEEVER."

Defendant denied the execution of this instrument under oath, but plaintiff testified that defendant signed the same in his presence.

Upon this issue, which was clearly contested, we think the court erred in permitting the witnesses, William H. Sims and J. H. Collier, to testify in behalf of defendant, against the objections of plaintiff, that the signature to said instrument was not in the handwriting of defendant.

There are two modes of acquiring a knowledge of hand-writing, recognized by the works on evidence.

The first is by having seen the party write, and the next is stated by Mr. Greenleaf in the first volume of his work on evidence, Sec. 577, in the following words: " The second mode is from having seen letters, bills or other documents purport-ing to be the handwriting of the party, and having afterwards personally communicated with him respecting them, or acted upon them as his, the party having known and acquiesced in such acts founded upon their supposed genuineness, or by such adoption of them into ordinary business transactions of life as induces a reasonable presumption of their being his own writ-ings, evidence of the identity of the party being of course added, *aliunde*, if the witness be not personally acquainted with him. In both these cases, the witness acquires his

knowledge by his own observation of facts occurring under his own eye, and which is especially to be remarked without having regard to any particular person, case or document."

It is too well settled in this State, that handwriting can neither be proved nor disproved from mere comparison, to need a citation of authorities.

Neither Sims nor Collier ever saw defendant write, nor had they any knowledge of his handwriting, so far as we are informed by them, until they examined his signature to a large number of checks, (which were admitted by defendant to have been signed by him) for the purpose of comparing them with the signature in dispute; and from this comparison they gave it as their opinion, that the signature in controversy was not in the genuine handwriting of defendant.

Knowledge thus acquired did not render them competent as witnesses upon this subject.    Board of Trustees v. Misenheimer, 78 Ill. 22.

The witnesses did not claim to be experts, and even if they were, their evidence would not have been admissible.    Keener v. Crull, 17 Ill. 189.    The jury found that the writing was not signed by defendant, and rendered a verdict in his favor.

It is now insisted by defendant in error, that the whole record shows that substantial justice has been done, and therefore the court ought not to reverse the judgment.

Had not the testimony of the witnesses Sims and Collier been admitted, it may be that, in the conflict of evidence shown by the record, this court would not have felt called upon to reverse the judgment; but it is impossible to tell how far their evidence may have influenced the finding of the jury, or what the verdict would have been without it.

Judgment reversed and cause remanded.

                                                        Reversed.