## THE FIRST NATIONAL BANK OF GALESBURG
### v.
### THOMAS HOVELL ET AL.

*Negotiable Instruments—Note—Genuineness of Signature—Witnesses—Competency of.*

1. In an action on a promissory note, where the signature is disputed by the defendant, a witness who has never seen the defendant write, but has merely examined certain signatures admitted to be genuine, is incompetent to testify as to the genuineness of the signature in question.

2. Where a witness had no acquaintance with the handwriting of a party

until a particular signature, purporting to be his, was disputed, the subsequent examination, by him, of the signature to an answer in chancery and to certain other papers that he heard the party state under oath were signed by him, did not render him competent to testify as to the genuineness of the disputed signature.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Fulton County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for appellant.

Messrs. GRAY & WAGGONER and BARRERE & GRANT, for appellee.

CONGER, J. This was a suit brought by appellant against appellee and one O. J. Beam, upon a note for $1,000. Appellee denied his signature to the note and this was the principal question submitted to the jury.

It is urged that the court below erred in admitting improper evidence upon the question of the genuineness of the signature. Oliver Crissy, a witness called for appellee, stated that he had never seen appellee write; that in January or February, 1885, at a time when appellee was disputing signatures, appellee took from his pocket five notes, exhibited them to the witness and others and admitted that the signature to those five notes was genuine, and that this was all the knowledge of appellee's handwriting that the witness had.

Upon this the witness was allowed by the court below to express his opinion as to the genuineness of the signature in dispute. Knowledge thus acquired did not make him competent as a witness upon the subject. Snyder v. McKeewer, 10 Ill. App. 188; Board of Trustees v. Misenheimer, 78 Ill. 22.

O. H. Bliss, a witness for appellee, stated that he had no recollection of ever seeing appellee write, but that he had examined the signature to an answer in chancery and some other papers that he heard appellee state under oath were signed by him, and from such information expressed his opin-

ion that the disputed signature was not genuine. It does not clearly appear from the record when he made the examination of these genuine signatures, but we infer it was after the dispute arose, and was done by the witness for the purpose of satisfying his own mind as to the genuineness of the signature in dispute. If we are correct in drawing this conclusion, and his answer will hardly admit of any other, he would clearly be incompetent under the rule in 78 Ill., *supra.* The evidence was conflicting, and we can not know how far the statement of these two witnesses may have influenced the finding of the jury and therefore think the question should be submitted to another jury upon such evidence only as under the rules of law is competent.

*Reversed and remanded.*