James M. Riggs, Executor, etc.,

v.

Louisa P. Powell.

*Administration—Citing Widow of Deceased to Disclose and Surrender Assets of Estate—Forgery—Weight of Evidence—Burden of Proof—Evidence as to Genuineness of Signature—Qualifications of Witnesses as to—Intent of Deceased.*

1.   Under the law of this State handwriting can not be proved by comparing an alleged signature with a genuine one.   To render a witness competent to testify as to handwriting he must be acquainted with the handwriting of the person whose handwriting is in issue, either from having seen such party write or by having been acquainted with such handwriting in business transactions, so as to be able to give an opinion from memory alone as to the genuineness of the writing.

2.   It is not indispensable that a witness shall state that he is acquainted with a party's handwriting if it clearly appears that such is the fact.

3.   Where the question in issue was the genuineness of the signature of a deceased party upon the back of a promissory note found in the possession of his widow after his death, evidence as to declarations of deceased of his intention to provide for his wife were admissible.

4.   Where a petition for a citation alleged that the widow had in her possession a certain promissory note belonging to the estate of deceased, and the defendant answered that the note was hers by assignment from the deceased, and the administrator alleged that the assignment was a forgery, the burden of proof was on the administrator, and to sustain his charge, clear and satisfactory proof was required.

[Opinion filed April 11, 1892.]

Appeal from the Circuit Court of Scott County; the Hon. G. W. Herdman, Judge, presiding.

Messrs. Brown & Kirby, for appellant.

Messrs. Morrison & Whitlock, for appellee.

Mr. Justice Wall.    This was a proceeding instituted by the administrator of Starkey R. Powell, deceased, citing the widow, Louisa P. Powell, to disclose and surrender any money

or effects in her possession belonging to the estate. Upon a hearing in the County Court the citation was dismissed, from which an appeal was taken to the Circuit Court where the cause was tried by the court and the issue was again found for the widow, whereupon the administrator prayed an appeal to this court. The question for determination in the courts below was as to the ownership of $400 in cash, and a promissory note for $4,000.

There is no difficulty as to evidence concerning the cash but there was great conflict in regard to the note. This note was signed by George L. Price, as maker, payable to Harriet Nelson. Across the back the names of the payee and of the deceased were written in blank. The signature of Harriet Nelson is not disputed but the genuineness of that of the deceased is the main subject of controversy in the case. Upon this point much testimony was introduced, some of it tending to show by the declarations of the deceased his intention to provide well for his wife and that he had given her a valuable note—but mostly consisting of the opinions of witnesses who professed to have more or less acquaintance with his handwriting. There was also the evidence of a microscopist and there was an enlarged photographic copy of the disputed writing.

There was abundant proof, by those who were familiar with the handwriting of the deceased, to support the genuineness of the signature. Opposed to this there was a formidable array of witnesses professing similar acquaintance, who testified that in their opinion it was not his writing and the microscopic expert was of the same opinion.

Considering the whole mass we are inclined to agree with the Circuit Court that it was genuine. The court allowed great latitude, especially at the instance of the administrator, and resorted to the use of a magnifying glass as well as the examination of the enlarged photograph. It is apparent there was a very full and patient consideration of all the suggestions offered by the administrator. While there may have been some irrelevant and incompetent testimony introduced on both sides the presumption is that the court, in deciding the case, disregarded all that was improper, and

from an examination of the propositions of law which the court held, we think the appellant can make no complaint in this respect. Objection is made to the following, which was held at the instance of the appellee:

"6. Under the laws of this State handwriting can not be proven by comparing an alleged signature with a genuine one. It is the law that to render a witness competent to testify as to handwriting, he must be acquainted with the handwriting of the person whose handwriting is in issue, either from having seen such party write or by having been acquainted with such handwriting in business transactions so as to have in his (the witness') mind an examplar, so that from memory alone he can give an opinion as to whether the writing in question is, in fact, the handwriting of the person whose handwriting is in issue. Such handwriting can not be proved by a witness examining and comparing the signature in controversy with the recognized signatures of the person whose signature is in issue."

We think, however, it is supported by the authorities: Putnam v. Wadley, 40 Ill. 346; Board, etc., v. Meisenheimer, 78 Ill. 22; 1 Greenleaf on Ev., Sec. 577; 1 Wharton on Ev., Secs. 707–12.

In this connection we may notice the objection taken to the evidence of McGlasson. This witness testified that he had been clerk of the Circuit Court for twelve years; that he had known Powell for twenty years; had seen him write his name five or six or a dozen times, and thought this was his genuine signature. It is now objected that the witness should have said in so many words that he was familiar with Powell's handwriting before being allowed to express his opinion. This objection was not made below. The witness was cross-examined at some length as to the way the signature was usually written, and seemed to have a good deal of knowledge as to the details, form of letters, etc., and it is quite apparent he had sufficient acquaintance with the subject to render his opinion admissible. We do not understand it is indispensable a witness should say he is familiar with the party's handwriting, if it sufficiently appears that he is. In Cross v. People, 47 Ill. 152, the witnesses had

seen the prisoner write but once and from the knowledge thus acquired they were held competent to give their opinion, the value of the opinion being a question for the jury.

It is also objected that it was error to permit this and other witnesses to testify to the declarations of deceased as to his intentions in reference to providing for the appellee.

This proof was competent as directly tending to show that such a gift as here claimed might probably have been made; that it was perfectly consistent with his avowed purpose and feelings. How far it should go in connection with other evidence was for the court, but we think it was plainly relevant. It is also urged the court improperly held the following proposition:

" The law does not presume fraud in the absence of proof thereof. Much less does the law presume a felony, and in this case if the evidence shows that the note and mortgage in question is found in the possession of Mrs. Powell, indorsed by the owner thereof, Starkey R. Powell, and that she did not have access to his notes and papers after his death, then the legal presumption is that she is the *bona fide* owner thereof, and to overcome such presumption a bare or naked preponderance of the evidence would not be sufficient. There should be a clear preponderance of the evidence, otherwise the presumption of such fraud as to show a crime would not be established."

The petition for citation alleged that appellee had in her possession a note signed by George L. Price for $4,000, payable to Harriet Nelson, and by the latter indorsed to the deceased, and that the same was a part of the estate. To this the defendant answered that the note was hers by assignment from the deceased. This was in substance a denial of the charge that she had a note belonging to the estate. The note produced was indorsed by Powell, but the administrator insisted the indorsement was a forgery. Now where was the *onus probandi* and what measure of proof was required? The appellee made no claim against the estate but was brought into court to answer a charge that she had a note belonging to the estate. She was required to make no proof in the first place—though she was

Riggs v. Powell.

subject to be examined under oath — but the burden was upon the estate to make out the charge. That charge could be made only by proof showing the indorsement was a forgery. It is true that as the case was tried the appellee began by proof to make out *prima facie* that the signature was genuine. But this did not change the situation when the court came to weigh the evidence. Practically, before the note could be taken from the appellee, who had been brought into court at the instance of the administrator, it was necessary that the latter should have made out a case justifying such affirmative action at his instance against one who was asking no relief. The substance of the whole matter is that it thus devolved upon the administrator to overcome the presumption of ownership arising from possession of the note with the name of Powell indorsed upon it, by showing that the supposed indorsement was forged. This involved a charge of fraud and felony against the appellee. If it was forged, she was necessarily the guilty party. There was no pretense that the indorsement was genuine, but had been made for some purpose other than to transfer it to appellee. The charge was forgery and an attempt was made to prove it by the evidence of the microscopic expert, and by other evidence. In such a situation of things the court properly would say that before the charge should be believed it ought to be supported by a clear preponderance of proof.

When a cause of action or a defense is based upon a charge of crime, to sustain either, the proof must be full and satisfactory. McConnell v. D. M. Ins. Co. et al., 18 Ill. 228; Sprague v. Dodge, 48 Ill. 142; Oliver v. Oliver, 110 Ill. 119; Same v. Same, 119 Ill. 532. We do not understand appellant to argue that the burden did not rest upon him to show the signature was not genuine, but merely that he was required to do so by a mere preponderance of the evidence, and that by this proposition the court held him to a higher measure of proof than the law required. We are of opinion no error was committed in this respect.

Upon the whole case we think the judgment is responsive to the merits and that it should be affirmed.

*Judgment affirmed.*