Sherman et al. *v.* Blackman.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

It is not presumed that the purchaser of a note from the payee, who is a bill-broker, knew that the transaction was usurious, because such broker had sold the same party other notes at usurious rates.

The payee of a note may sell it at such rates as he pleases.

THIS was an action of assumpsit, on a note for $775, dated Oct. 1, 1857, due May 1, 1858, payable to Greenbaum and Brothers, and indorsed by them in blank.

First plea, general issue. Second plea, usury to part. That the note was made and indorsed, and left with bill and note brokers, to raise money for the makers, of which the appellee had notice when he bought it. Two other pleas, with variations of charge of usury; of three per cent. interest per month, discounted by appellee paying $609.93 for the note, averring it to be a loaning, etc.

Issue joined on all the pleas. To the special pleas, he says: First, he did not purchase and discount the note as alleged. Secondly, he had no notice that the note was in the brokers' hands for the purposes alleged. That he was a *bona fide* purchaser for value paid in the ordinary course of trade and business.

Trial by jury. Verdict, $783.62. Motion for new trial made and overruled, and exception taken.

On the trial the appellee read the note in evidence, then read indorsements on it in these words, viz.:

"Without recourse, Greenbaum & Bro." Also, "note extended and interest paid to 2 | 5 Aug. 1858."

*Elias Greenbaum* was called for appellants, who testified that his firm were bill and note brokers in Chicago since 1854, which appellee well knew, as he came to their office frequently and inquired for notes; wanted to buy; he bought the note in question of us, Oct. 1, 1857, at 3 per cent. per month interest discounted from note; paid only $609.93 on it. Could not say he knew it was our note or not; nothing was said on that subject. Appellee said he had not bought the appellants' paper before. The appellee made the offer, and it being the most we could get, let him have it; we then indorsed the note "without recourse," putting our firm name on it. We had no interest in the note. He did not ask me if we had discounted the note or owned it; nothing was said by us or asked by him about that. We are in the habit of buying and selling notes; always indorse without recourse. The appellee had purchased other notes of us before that time, so indorsed. The note in question is filled up in Sherman's handwriting, except the payee's name was written by our clerk, after Sherman had left the note with us. I indorsed it at the time he bought it. The indorsement of the payment of interest, etc., on the note, is in the appellee's handwriting, which was read in evidence to the jury.

B. S. MORRIS, for Appellants.

MATHER, TAFT & KING, for Appellee.

BREESE, J. In our judgment, the whole gist of this controversy depends upon this single question, did the plaintiff know, when he obtained the note from Greenbaum Brothers, at an usurious discount, that it was in fact for the benefit of the makers, the defendants here? If he did know it, then the transaction is usurious, and the defendants can avail of it under the general issue. The jury have found this fact against the defendants on the evidence, and we think correctly.

There is no evidence showing that the plaintiff, when he purchased this note of Greenbaum Brothers, who were the payees, were negotiating for the defendants. They were billbrokers, it is true, and had sold notes before to this plaintiff at usurious rates, but it by no means follows from that circumstance, that this particular note was thus negotiated. The jury did not think that, a fact sufficiently convincing, nor do we.

We do not say that actual notice should be positively proved, but circumstances sufficiently strong to satisfy the jury that the purchaser of the note must, from the transaction itself, and from the nature of things, have had such notice. The mere fact that the sellers were bill-brokers, and sold notes on their own account, sometimes at usurious discounts, was not such a circumstance as would have justified the jury in finding that this particular note was so sold. The sellers of this note were the payees of the note, and we know of no law forbidding the payee to sell a note at such discount as he chooses. *Stevenson* v. *Unkefer*, 14 Ill. R. 105.

We have examined the instructions carefully, and think the action of the court in regard to all of them, was strictly in accordance with well-known and long-settled principles of law. The judgment is affirmed.

*Judgment affirmed.*