LUKE HEMENWAY

*v.*

JOHN H.  CROPSEY.

1. USURY—*when can not be set up.*  If a note, drawing ten per cent. interest on its face, is assigned before maturity, for a valuable consideration, and without notice, the maker can not set up as a defence, under the act of 1849, that it was not given for money loaned.

2. SAME.  There is no substantial difference between the acts of 1845 and 1849, as to the defence of usury, except as to the extent of the forfeiture. Neither act makes the contract void, and under neither act can the defence of usury be made against the innocent assignee of a note who has taken it before maturity, and without notice, for a valuable consideration.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

This was an action of assumpsit brought by Luke Hemenway against John H. Cropsey, at the June term, 1863, upon a promissory note which had been assigned to the plaintiff, and which was as follows :

$400.00.                    DIXON, Ill., *October 17, 1855.*

Two years after date, for value received, we, or either of us, promise to pay James Moore, or order, four hundred dollars, at ten per cent. interest to be paid annually.

JOHN H. CROPSEY,
CYRUS ALDRICH.

The defendant pleaded usury, and the question was, whether, under the act of 1849, the defence could be set up against the assignee of a negotiable note who has taken it, before maturity, for a valuable consideration, without notice. The court below sustained the defence, and gave judgment for only six per cent. interest.

Mr. JAMES K. EDSALL, for plaintiff in error, submitted the following points and authorities:

1. Our usury statutes do not declare an usurious contract void, and the act of January 30, 1849, does not confer the right to set up this defence in any broader terms than is expressed in the fourth section of chapter 54, Revised Statutes of 1855; nor than is usually expressed in other usury laws under which the courts have uniformly held the contract not to be void.

2. The production of the note, with its indorsements, was sufficient evidence that the note was indorsed to the plaintiff before maturity. Where a note is indorsed without date, the presumption of law is that it was indorsed before it became due. *Mobley* v. *Ryan*, 14 Ill., 51; *Stewart* v. *Smith*, 28 Ill., 398. Indeed, there is express evidence that the note was in Hemenway's hands on the 17th of October, 1856, a year before its maturity. The first payment indorsed is as follows:—"$40. Received on the within, forty dollars, amount of interest due October 17, 1856. [Signed,] L. Hemenway." And it was stipulated and admitted by the parties that such payments were "made in *pursuance* of such indorsements."

3. It was incumbent upon the defendant to prove the averments in his pleas of usury, (which were traversed by the replication,) that the plaintiff had notice at the time the note was assigned to him, that the consideration thereof was not money loaned. Neither party offered any evidence upon this issue. The consideration of the note was expressed by the usual formula, "for value received." Yet the court below held that the note bore evidence upon its face that it was *not* given for money loaned. The most that can be said is, that it was silent upon the subject. But we do not concede this; for the law is that "a promissory note is sufficient evidence of a loan between the original parties." 2 Greenlf. Ev., sec. 112, p. 108; *Payne* v. *Whitmarsh*, 15 Pick., 212.

And as a rule of pleading, a recovery may be had upon a promissory note under the common count for money lent. *Lane* v. *Adams*, 19 Ill., 168.

Certainly, then, a promissory note in the usual form cannot, upon its face, be evidence of notice to a party purchasing it, that it was not given for money loaned. On the contrary, it was at least *prima facie* evidence of such loan.

4. It is quite true that the note possessed intrinsic evidence that it bore interest at the rate of ten per cent. per annum, and a party purchasing such a note is chargeable with a knowledge of the law which renders the same usurious as to the excess of six per cent. interest, unless the consideration thereof was money loaned. But it is sufficient to protect an innocent purchaser that the note could, under any circumstances be valid in the form it was expressed. Hemenway was not bound to presume, or even suspect, that Moore and Cropsey had violated the law and contracted for usurious interest, until evidence thereof was brought to his notice. Want, or failure of consideration, is a meritorious, as well as legal defence to a note, and every assignee of a note is chargeable with notice of this law; and yet no one will pretend that a party purchasing a note before maturity, is required to first investigate the circumstances under which the note was given, and satisfy himself of the fairness and validity of the consideration before he can claim the immunities of a *bona fide* assignee.

The case of *McIntyre* v. *Preston*, 5 Gilm., 48, is in point upon this question, so far as any legal principle is involved. It is there held that if an insurance company have power to take a promissory note for the premiums in the usual course of their business, and for no other purpose, a note given to them would be valid in the hands of a *bona fide* assignee, although the company may not have had power to take the particular note; and that it would not be admissible for the maker to show that such note was not

taken in the ordinary course of business of the company, without first showing that the assignee was not a *bona fide* purchaser. *McIntyre* v. *Preston*, 5 Gilm., 48, 60, 62; *Wilmarth* v. *Crawford*, 10 Wend., 341.

We submit, therefore, that the ruling of the Circuit Court, that the note upon its face contained evidence of notice to the plaintiff that the same was not given for money loaned, was erroneous.

Mr. GEORGE P. GOODWIN, for defendant in error, made the following points:

The said law of 1849 provides that if upon the trial of the said issue, it shall be found that the said note or writing, obligatory on which suit was brought, was not given for money loaned, then the court shall give judgment for the principal sum and six per cent. interest; and that, too, irrespective of in whose hands the note may be found, or in whose name the suit on said note may be brought.

There is this difference between the fourth section of the act of 1845, and the second section of the act of 1849, that the former declared a forfeiture of three-fold the whole amount of interest, reserved as a penalty, and the latter declared all excess over and above six per cent., except for money loaned, illegal and void, and the rights or interests of third parties, as indorsees, under the two laws respectively, would be quite differently affected.

The said note bore upon its face a rate of interest, which was at the time of the making, and of the indorsement of the same, by the laws of this State, illegal and usurious, unless given for money loaned, and was of itself sufficient notice, if any notice was necessary to any subsequent holder or indorsee, that such interest was *prima facie* usurious and illegal, and sufficient to put such holder or indorsee on his inquiry as to the real consideration of said note. Story on promissory notes, sec. 197; American leading cases, vol. 1, p. 336; *Trustees of Iowa College* v. *Hill;* American Law Register, new series, vol. 2, p. 744.

Had the note expressed on its face that it was for money loaned, then the defendant would have been estopped from pleading and proving on the trial that the consideration of the note was not money loaned, as against a *bona fide* indorsee; but such is not this case. The note itself bears the evidence upon its face of a higher rate of interest being reserved than was allowed by law, except for money loaned; and said note bears no evidence, nor is it a presumption of law, that it was given for money loaned.

The note itself carried with it the evidence of its being infected with usury, unless brought within the exception provided by the statute which authorized the reservation of ten per cent.; and as a rule of law it is submitted that the court will not presume the exception; it must be averred and proved. Gould's Pleadings, chap. 4, sec. 22.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was an action on a promissory note brought by the endorsee against the maker. The note bore date October 17, 1855, and drew ten per cent. interest, without specifying that it was for money loaned. The court below gave judgment for only six per cent. interest, although the plaintiff, so far as appeared, was a *bona fide* indorsee, without notice that the note was not for money loaned. The statute of 1849, which allowed ten per cent. interest to be taken only for money loaned, was in force when the note was given, and the only question necessary to be considered is, whether the defence here made can be allowed, and the interest reduced from ten to six per cent. as against an indorsee who has bought the note before maturity and without notice. It has been repeatedly held by this court that, under the act of 1845, an usurious contract is not void, and the defence of usury can not be made against an innocent indorsee of a negotiable instrument assigned before maturity. It is only where the statute makes usurious contracts absolutely void, that this defence can be set up against such indorsee. *Conklin* v. *Underhill,* 3 Scam., 388; *Sherman* v. *Blackman,* 24 Ill., 345.

There̅ is no substantial difference, as to making this defence, between the acts of 1845, and 1849, except as to the extent of the forfeiture, and this can not affect the question as to whether the defence can be made against the innocent holder for a valuable consideration. In the case at bar, the act of 1849 did not require the note to express on its face that it was for money loaned, and the purchaser had a right to suppose that it was legally given under the statute. The maker, by his own act in signing the note, had authorized him to draw such presumption.

*Judgment reversed.*