# JACOB ZUCKERMANN *et al.*

*v.*

# WOLF SOLOMON.

1. SET-OFF—*warranty in hands of assignee.* A contract of warranty can not be assigned so as to enable the assignee to maintain a suit upon it in his own name, or make it a subject of set-off in a suit by the warrantor against the assignee.

2. Where a party gives his note, secured by mortgage, for property sold to him, and warranted to be of a particular quality, and when the note becomes due, other parties, to prevent the foreclosure of the mortgage, take the note up and give their own in lieu of it, the latter can not, in a suit against them, set off any damages to the maker of the first note, occasioned by a breach of the contract of warranty.

3. JUDGMENT BY CONFESSION—*when for too large a sum.* Where, upon a motion to set aside a judgment by confession, because there was too much interest included in it, the court offered to have the excess of interest abated,

and the defendant declined to have it done unless the court would vacate the judgment and permit him to make a defense which he could not have made in the first instance, and which the court refused, the judgment as originally entered will be sustained.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ADOLPH MOSES, for the appellants.

Messrs. RUNYAN, AVERY & COMSTOCK, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The judgment in this case was confessed under a power of attorney, executed by appellants. Afterwards they entered a motion to set it aside, and for leave to plead to the action. We are satisfied the court decided correctly there was no equitable cause for vacating the judgment.

The note upon which the judgment was rendered was given for the balance due on a note which had been given to Homer & Levy by the "First Bohemian Brick Manufacturing Co.," a corporation organized under the laws of this State, for a steam engine and machinery. It is alleged the engine was not complete in all its details, as warranted by the manufacturers, and that some of the machinery was wanting. It is also claimed there was a small amount of usury included in the note. The object appellants had in view in asking to have the judgment vacated, was that they might be permitted to set off the damages accruing to the corporation, arising out of the alleged breach of the warranty made by Homer & Levy, and to have the note purged of whatever overcharge of interest there might be in it.

The defense could not be made availing in this action. The warranty of which they claim there was a breach, was not to appellants, or either of them, but to the manufacturing company—the corporation with which the contract was made. The right of action was alone in the corporation. It was not and could not be assigned to appellants, so as to permit them to make it the subject of set-off or of suit in their own names.

Had appellants been allowed to set off the damages said to have arisen from a breach of the warranty against the amount due on this note, it would constitute no bar to an action by the manufacturing company against Homer & Levy.

But there is another reason why this judgment should not be vacated. The note had been assigned to appellee before maturity, for a valuable consideration, without notice of any defenses. This phase of the case can not be successfully controverted. It would have availed appellants nothing had the court vacated the judgment, the assignment being *bona fide* they could make no defense to the note in the hands of appellee. *Hemenway* v. *Cropsey*, 37 Ill. 357.

But the court offered to have deducted from the judgment the excess of interest that may have been inadvertently included in the note, but this appellants declined to have done, unless it would vacate the judgment and permit them to make their alleged defense.

The action of the court was right, and its judgment must be affirmed.

*Judgment affirmed.*