# PHILIP CROSE

## *v.*

# ANDREW S. RUTLEDGE.

1. CRIMINAL CONVERSATION—*character of defendant not involved.* In an action for the seduction of the plaintiff's wife, the character of the wife for chastity is involved, but not that of defendant, and it is error to permit the plaintiff to give general evidence of the defendant's character for chastity, in chief.

2. EVIDENCE—*character of parties.* As a general rule, it is not competent to give evidence of the general character of the parties, with a view of raising a presumption disadvantageous and unfavorable to either of them.

3. SAME—*record of divorce in action for seduction.* In a suit for the seduction of a wife, the record of divorce between the plaintiff and his wife is not admissible in evidence, as it does not tend to prove or disprove any fact in issue.

4. WITNESS—*divorced wife.* On the trial of an action for the seduction of a wife, she, although divorced, will not be permitted to testify for the defense to prove facts which came to her knowledge during the existence of the marital relation, but as to facts occurring after the divorce, in which her former husband did not participate, and which affects her and the person calling her, only, she is a competent witness.

5. DAMAGES—*whether excessive, in action for seduction.* In an action for the seduction of the plaintiff's wife, where the proof showed plaintiff to be of low character, and a visitor of houses of ill-fame, $1500 was held to be more damages than he was entitled to demand, but yet it was not so excessive as to inspire a belief it was the result of passion, prejudice or partiality.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action on the case, by Andrew S. Rutledge, against Philip Crose, for the seduction of the plaintiff's wife. On the trial, the defendant offered in evidence the record of a divorce between the plaintiff and his wife, granted to the wife on cross-bill, for desertion by the plaintiff. The court admitted the same, but instructed the jury that if the defendant was guilty of the criminal conversation, they could only consider the decree of divorce in mitigation of damages. The proof also showed that the plaintiff was in low repute in the neigh--

borhood, for truth and veracity, as well as for chastity, and that he was a frequenter of houses of ill-fame.

Messrs. GAPEN & EWING, and Messrs. ROWELL & HAMILTON, for the plaintiff in error.

Messrs. KARR & KARR, and Messrs. BLOOMFIELD, POLLOCK & CAMPBELL, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was *case*, in the McLean circuit court, by Andrew S. Rutledge, and against Philip Crose, defendant, for the seduction of the wife of the plaintiff, resulting in a verdict for plaintiff for fifteen hundred dollars as damages.

A motion for a new trial was overruled, and judgment rendered on the verdict, to reverse which the defendant prosecutes this writ of errror, assigning various errors.

Without remarking upon all the errors assigned, it is sufficient, for this case, to say, the court erred in permitting the plaintiff, on the trial below, to give in evidence the general character of the defendant for chastity, as evidence in chief and in the first instance.

The general character of the defendant was not involved in the action. The issue was, the seduction of the plaintiff's wife. Evidence that defendant had seduced the wives of half a dozen other persons, or that he was in the habit of seducing married women, was too remote, as tending to establish the particular charge. The character of the wife for chastity was involved, but not that of defendant.

With respect to the character of parties to a cause, it is not, as a general rule, competent to give evidence of the general character of the parties with a view of raising a presumption disadvantageous and unfavorable to either of them. In a prosecution for an infamous offense, evidence of an admission by the accused that he was addicted to the commission of similar offenses is held as irrelevant and will not be permitted. 1 Bish. on the Law of Evidence, 477, citing *Rex* v. *Cole*, Michaelmas Term, 1810; 1 Phil. Ev. 508, 10th ed.

It is further said, when, from the very nature of the proceedings, the character of the parties is put in issue, the rule is different, as, on an indictment for keeping a common bawdy house, or common gaming house, or for being a common barrator, the prosecutor may give in evidence any acts of the defendant which support the general charge.

Here is a special and particular charge, and general character in the direction of the charge was not admissible.

One other objection will be noticed. The defense offered the divorced wife of the plaintiff as a witness to prove a fact which must have come to her knowledge, from the very nature of the fact, during the existence of the marital relation. This testimony was properly excluded. *Waddams* v. *Humphrey*, 22 Ill. 661. But as to facts occurring after the divorce, in which her former husband did not participate, and which affect her and the party calling her, only, we can perceive no reason why she should not be a witness. The reason of the rule for her exclusion has no application to such a state of case.

We perceive no objection to the proof admitted as to the handwriting of the letter. It comes up to the rule in *Putnam* v. *Wadley*, 40 Ill. 346.

As to the record in the divorce case, it was conclusive as to the parties to it and privies, but on what principle it was a proper instrument of evidence in this case we are not advised. It did not tend to prove or disprove any fact in issue between these parties, and had no relevancy thereto.

As to the damages, we think, considering the character of plaintiff as developed by the testimony, he was not in a position to demand and receive from a jury so large an amount, but we can not say it is so excessive as to inspire a belief it was the result of passion or prejudice or partiality. The amount of damages in such an action is very much a matter of feeling, to be controlled by no rigid rule.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*