ROBERT HOLLOWAY

v.

JACOB JOHNSON.

| 28 | 463 |
|113 | ¹245 |

*Contract—Trial—Improper Remarks by Counsel—Evidence—Instructions.*

1. Where a jury is improperly influenced by remarks, allusions, or comments outside of the evidence, made by counsel during the argument of a cause on trial, the verdict should be set aside.

2. In an action to recover a share of the earnings, and for the care of certain horses, this court declines to interfere with the verdict for the plaintiff, the evidence being sharply conflicting and there being no error in the instructions.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. KIRKPATRICK & ALEXANDER, for appellant.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for appellee.

UPTON, J.   This action of assumpsit was commenced by appellee against appellant for money claimed to be due for plaintiff's share of the earnings of certain horses in the stud for the years 1883 and 1884, and the care for and feeding of the defendant's horses after the season of each of those years. The declaration contained the common counts only.

Pleas of the general issue and set-off were interposed.   The issues were submitted to a jury in the court below, and a verdict for the plaintiff was rendered for the sum of $1,000, to reverse which the case is brought to this court, and it is assigned for error:

1st.   That the verdict is contrary to the evidence.

2d.   Improper remarks of counsel in argument to the jury.

3d.   The court refused to admit proper evidence.

4th.   Plaintiff's first and third instructions were improper.

First.   The evidence in this case is somewhat voluminous and sharply conflicting, and can not be reconciled.   It would serve no useful purpose to examine the evidence in detail, or endeavor therefrom to determine for ourselves the facts of this contention.   This was the peculiar province of the jury before whom the witnesses appeared and testified, and whose especial duty it was to ascertain the facts and merits of this controversy.   Two juries, as the records of this court disclose, who saw the parties and their witnesses face to face, who must have noted their appearance on the stand, their intelligence, fairness, candor and knowledge of the facts to which they testified, or the lack of it, and could far better determine the facts as to the truth of the respective claims of the parties after so hearing the case, than it is possible for us to do, have rendered a similar verdict and in nearly the same amount.   In view of the evidence in this record we are satisfied that if the facts were submitted to another jury the result would not be different.

While we might be better satisfied if the verdict had been for a less sum, or indeed have been given for the adverse

party, yet we can not say that this verdict upon the facts in the record before us is so manifestly against the evidence as to require or warrant a reversal of the judgment of the court below.

Second.   The appellant complains of improper remarks by counsel for appellee made to the jury in the argument of the case below.   The remark was: "Col. Holloway did not get his title by any services rendered in the Union army during the late war."   Remarks, allusions, or comments by counsel to the jury outside the evidence in the argument of a cause on trial before them, are wholly improper and eminently unprofessional.   It is, however, too true, as all who have practiced our profession know from experience, that in forensic discussion upon hotly contested questions of fact before court or jury, zeal often outruns discretion, and duty and professional propriety are lost sight of, or are wholly disregarded.   When this is done and the jury are improperly influenced thereby, and this is apparent, the verdict will be at once set aside.   It is apparent that no general rule can be announced of professional conduct, but each case must be determined upon its particular facts.

If the verdict rendered appears to be the result of passion or prejudice, by whatever cause produced, it will and ought to be set aside.

We do not think, in view of the evidence in this record, that the verdict of the jury was in whole or in part the result of passion or prejudice, or that the remark complained of, which was perhaps uncalled for and unprofessional, contributed to the result.

Third.   As to the refusal of the court to admit proper evidence we find no error; we think the court ruled correctly, and even if erroneous it did not prejudice the defendant's rights.

Fourth.   It is said the first and third instructions given for the plaintiff were erroneous and several specific reasons are assigned in argument to establish that proposition.

We have carefully examined the instructions given in this case, and we are satisfied that the court below did not commit

an error in giving to the jury the instructions complained of; that the instructions given on the part of the plaintiff in connection with those given on the part of the defendant as a series, were correct as to the law applicable to this case; and finding no substantial error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*