## Lena Lingreen, Adm'x, v. The Illinois Central Railroad Company.

1. WITNESSES—*Husband and Wife at Common Law.*—At common law the wife was excluded as a witness for or against her husband, in his litigation with others than herself; but after his death, except as to communications imparted under the sanctity and confidence of the marriage relation, the wife, if not interested pecuniarily, was deemed

competent to testify as to matters coming to her knowledge from other sources and not by means of her situation as a wife, notwithstanding they related to the transactions of the husband.

2. SAME—*Widow's Competency,* *etc.*—In an action against a railroad company, by a widow as administratrix of her deceased husband, for the benefit of herself and next of kin, to recover damages under the statute for the death of her husband, the widow is a competent witness under the statute (she having been with him at the time of the accident) as to what she saw at the time.

Trespass, etc.—Death from negligence. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

GERE & PHILBRICK, attorneys for plaintiff in error.

J. S. WOLFE, attorney for defendant in error.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Plaintiff's intestate, Charles Lingreen, lost his life at or near the crossing of one of the streets of the city of Champaign and the railroad of the defendant company, by reason, as it is alleged, of the negligent, willful and malicious acts of the servants of the company then engaged in driving one of its engines over the crossing.

This was trespass on the case by the plaintiff in error, the administratrix of the estate of said deceased, suing for the benefit of the widow and next of kin to recover damages under the statute.

Trial before a jury resulted in judgment adverse to plaintiff and she has prosecuted this writ of error.

Lena Lingreen, widow of the deceased, was in company with him at the time and saw much or all that occurred. She was offered as a witness in behalf of the plaintiff.

The court ruled she was " not competent to testify to any fact that occurred at the time of her husband's death or in respect to any matter or thing leading to it."

At the common law a wife was excluded as a witness for or against her husband in his litigation with others than herself, upon the ground that the interest of husband and

wife were in legal contemplation identical, and also for reasons of public policy looking toward the preservation of harmony and confidence in the marriage relation.

After the death of the husband, as no reasons of public policy demanded silence, except as to communications imparted under the sanctity and confidence of the marriage relation, the wife, if not interested pecuniarily in the action, was deemed competent to testify to facts coming to her knowledge from other sources and not by means of her situation as a wife, notwithstanding they related to the transactions of the husband. 9 Amer. & Eng. Ency of Law, p. 807; 1 Greenleaf, Evid., Sec. 338.

The statute has removed the disqualification of interest and it would seem clear that Mrs. Lingreen was competent to testify, except as to what is usually denominated confidential communication, unless rendered incompetent by the provisions of Sec. 5, Chap. 51, R. S., entitled Evidence, which is devoted to the question of the competency of witnesses as affected by the marriage relation.

This section including the proviso, it will be observed, has reference only to the competency of husband and wife as witnesses for and against each other in suits between one of them and other parties or between the husband and wife, and its provision changes the common law rule only to the extent of rendering the husband or wife competent in certain cases therein specified, wherein they would have been excluded by its operation.

The proviso to the section has reference only to what we have hereinbefore referred to as confidential communications between husband and wife.

Mrs. Lingreen was not offered as a witness to testify to any admission or conversation of her husband or in an action to which her husband was a party. The husband was dead and his estate in no wise interested in the litigation.

The connection of the administrator with the suit was merely formal. He prosecuted not for the estate of his intestate, but for the exclusive benefit of the widow and next of kin.

The fact that Mrs. Lingreen formerly sustained the relation of wife to the deceased had no effect upon her status as a witness save that she was inhibited from detailing any admission or conversation of her late husband.

That her testimony was material is beyond doubt.

It was error to exclude her.

The custom and habits of the flagman at the crossing in giving signals to those about to cross the track, or of the fact that a train or engine was approaching, was proper to be proven. It bore upon the question of care exercised by the deceased.

The first, second and third instructions given for defendant in error erroneously assumed to declare negligence on the part of the deceased and of one Ely (who was in the wagon with him and controlling or assisting to control the team), as a matter of law from acts or omissions of said persons set out in the instructions.

Whether they exercised ordinary care was a question of fact, not of law, to be determined by the jury, not the court.

It was also error to give the fourth instruction given in the same behalf. It purported to advise the jury as to the law bearing upon the charge in two counts of the declaration, that the death of the deceased was due to willfully malicious and negligent acts of the engineer, and concluded as follows: "You are to consider his (engineer's) motive or intent at the time, whether evil or not, toward the persons involved, or whether he acted in good faith and from a proper motive; if he acted from a proper motive and in good faith, although in so doing he might have acted negligently, still the defendant would not be liable."

The well established doctrine that gross want of care and reckless disregard of the safety of others may raise in law a presumption of willfulness or intentional wrong (Thompson on Negligence p. 1264, Sec. 53) is wholly ignored, and the element of ill will, which may be entirely immaterial (E. St. L. Con. R. R. Co. v. O'Hare, 150 Ill. 580), is given undue prominence, so that taken as a whole the instruction was misleading and vicious.

Instruction No. 8, given also for the defendant, is argumentative, assuming to declare negligence as a matter of law from the existence of specified circumstances, and is so framed as to confuse rather than enlighten.

The judgment is reversed and the cause remanded.