## Illinois Central Railroad Company v. Lena Lindgren, Administratrix.

80 609
95 ²363

1. VERDICTS—*When Not to be Disturbed.*—The verdict of the jury will not be disturbed except when manifestly against the weight of the evidence and where the latter is contradictory.

2. ORDINARY CARE—*Persons in Perilous Positions.*—When in a perilous position, a person is not held to the exercise of the same care and prudence as he will be when in a place of security.

**Trespass on the Case.**—Death from negligent act. Trial in the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

J. S. WOLFE, attorney for appellant; JOHN G. DRENNAN, district attorney I. C. R. R. Co., of counsel.

To go on a railroad crossing in the way of a train which can be neither seen nor heard, but which would be either visible or audible, except for some temporary hindrance to sight or hearing, is to be negligent.

Where plaintiff went forward into danger, which permanent obstructions made it impossible to see, and which a passing noise made it difficult to hear, the permanence of obstructions to the sight made hearing his best reliance; a few moments' delay would have given him the full benefit of it. He acted with less prudence than the law exacts. Central R. R. Co. of N. J. v. Smalley, 39 Atl. Rep. 695; 4 Neg. Cas. 198.

GERE & PHILBRICK, attorneys for appellee.

The flagman not being visible or not in a position where

he could warn parties approaching of the situation so far as this plaintiff is concerned, was the same as though there was no flagman there. L. S. & M. So. R. R. Co. v. Johnson, 135 Ill. 651.

It is the duty of a flagman stationed at a public crossing by a railway company to know and give timely warning of the near approach of trains, and the public have the right to rely upon a reasonable performance of his duty. C., R. I. & P. Ry. Co. v. Clough, 134 Ill. 586.

When a company places a flagman at a crossing charged with a duty to display proper signals of warning on the approach of a train, the public may have a right to rely on the absence of a warning and presume the track to be clear. C., M. & St. P. Ry. Co. v. Wilson, 133 Ill. 55; C., R. I. & P. R. R. Co. v. Clough, 134 Ill. 586.

An engineer, while his locomotive was standing near the crossing, at the instant a person was crossing the track in front of his engine, negligently and maliciously caused the steam to escape, whereby the team was made to run off and the injury inflicted; the company was liable. T. W. & W. Ry. Co. v. Harmon, 47 Ill. 298.

Railroads operating their franchise in populous cities, and over and along public thoroughfares, where the hazard of persons and property is great, will be held to the exercise of a degree of caution and skill commensurate with the hazard. T. W. & W. Ry. Co. v. Harmon, 47 Ill. 298; L. S. & M. S. Ry. Co. v. Johnson, 135 Ill. 651.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This case was before this court at a former term on a writ of error, and is reported as Lingreen v. I. C. R. R. Co., 61 Ill. App. 174, where a former judgment therein, in favor of the I. C. R. R. Co., was reversed and the case remanded for another trial, which resulted in a verdict and judgment against the I. C. R. R. Co. for $2,541, and it now brings the case to this court by appeal, and urges a reversal of that judgment on the grounds the evidence fails to show that

the appellee's intestate was using ordinary care for his safety when he was killed; that the court gave improper and refused proper instructions, and improperly modified proper instructions, requested by appellant.

The evidence showed that Charles Lindgren, appellee's intestate, between four and five o'clock in the afternoon, while attempting with his carriage and horses to cross the tracks of the appellant's railroad at a crossing of one of the principal streets in the city of Champaign, where the trains on appellant's railroad, crossing there, can not be seen on account of buildings, except where they cross this street, was thrown from his carriage on account of the horses becoming frightened at an engine approaching this street crossing. It also shows that the engineer in charge of the engine, seeing the team drawing the carriage was about to cross, stopped to let it pass over. The team, however, seeing and hearing the engine so near to them, became frightened and were attempting to run away; but the driver had nearly succeeded in quieting them, when the engineer started it in motion again, which caused them to become more frightened and they did then run away, turning the carriage over and killing Mr. Lindgren.

It is true that the evidence tends strongly to show that Mr. Lindgren did not himself attempt to prevent the team from running away, leaving the management of them to the driver, who is shown to have been a capable one, but it fully appears that from the time the horses saw and became frightened at the engine until the carriage was overturned, was but a very short time; and it is not unreasonable to suppose that there was more likelihood of the driver controlling the team alone, as he was driving when attempting to cross the railroad, than if he was interfered with in their management by Mr. Lindgren.

The evidence shows that the appellant was required by city ordinance to keep, and had kept a flagman at this crossing, for a number of years; and that this flagman was accustomed to, and usually did, signal persons not to cross this street crossing, when an engine or train was approach-

ing near thereto; and although this flagman was at this crossing when this carriage and team approached, he did not signal for it not to cross; which failure to signal was taken by those in the carriage as meaning that they could safely cross; and as they did not hear or see any engine or train about to cross, they deemed it safe, and attempted to go over, which attempt resulted as hereinbefore stated.

We believe from all the evidence in this record, that the jury were justified in believing therefrom, that Mr. Lindgren was using due care for his safety when he was killed as aforesaid.

As to the ruling of the Circuit Court on the instructions, we are not unmindful that those complained of contain some inaccuracies when read singly, but when all the instructions as given, are read as one charge, as they should be (see Whitney & Starrette Co. v. O'Rouke, 172 Ill. 183), they fairly gave the law of this case applicable to the pleadings and the evidence; so that on the whole record we do not believe that the appellant was unduly prejudiced by any of the instructions given, refused, or modified.

As we believe the evidence warranted the verdict, and, on the whole record, the proceedings and result are fairly correct, we affirm the judgment in this case. Judgment affirmed.

Mr. Justice WRIGHT took no part in the consideration or decision of this case in this court, as he presided in the court below at one of the trials of this case in that court.