# Supreme Lodge of Mystic Workers of the World v. Nathan A. Jones.

1.   HUSBAND—*when, incompetent as witness.*   It is an established rule of evidence that facts obtained by one spouse in confidence from the other cannot be testified to in a court of law.

2.   MARITAL RELATION—*when, will not operate to exclude testimony.* Neither by statute nor by the common law is the husband or wife precluded from testifying in a suit between strangers, to facts coming to knowledge by means equally accessible to any person not standing in the relation of husband and wife.

3.   CONDITION OF HEALTH—*who may testify to.*   Persons, not experts, who have had opportunities for knowing the facts to which they testify, are competent to give evidence as to condition or state of health.

4.   ARGUMENTS OF COUNSEL—*when, proper.*   It is the privilege of any advocate in his argument to the jury to make such deductions as he thinks the facts justify, and a wide latitude is permitted in this respect.

242    APPELLATE COURTS OF ILLINOIS.

VOL. 113.] Supreme Lodge Mystic Workers of the World v. Jones.

5. ARGUMENTS OF COUNSEL—*when, improper.* Where an advocate states as facts matter pertinent to the issue and not in evidence, he violates his duty and exceptions may be taken on the other side which may be good ground for new trial or for reversal.

Action of assumpsit on insurance policy. Appeal from the Circuit Court of Logan County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed June 11, 1903.

B. F. LICHTENBERGER and BLINN & HARRIS, for appellant.

CARL BEKEMEYER and BEACH, HODNETT & TRAPP, for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought to recover upon a policy of insurance for $3,000, upon the life of Lulu G. Jones, wife of appellee, issued by appellant, April 25, 1901. Appellee was named as beneficiary. The insured died on the 26th of May, 1901, of a disease of the heart, known to the medical profession as endocarditis. She was, at the time, insured in four other insurance companies on policies recently procured by appellee in his favor. It was a part of the contract of insurance sued on, that the answers to the questions in the application and medical examination were material and warranties of their truth, and that if not true, the policy should be void. The defense upon the policy was that Lulu G. Jones, at the time she applied for the insurance, was afflicted with endocarditis, which she knew, and concerning which she made false answer in her application and medical examination. As to whether she had been so afflicted, there was a sharp conflict in the testimony, so sharp that this court would not feel justified in disturbing the judgment, on whichever side rendered, provided no error upon other points occurred upon the trial. A trial by jury resulted in a verdict and judgment in favor of appellee for $3,000.

The first point urged as ground for reversal is that appellee, who is a physician and testified to the physical condition of his wife at the time and prior to her application,

was not a competent witness. In support of this contention, counsel rely upon section 5, chapter 51, of the Revised Statutes, relating to evidence. Crose v. Rutledge, 81 Ill. 266, and Griffeth v. Griffeth, 162 Ill. 363.

The proviso contained in section 5 expressly excludes, as evidence, the admissions and confessions made by husband or wife to the other during the existence of the marital relation, except in suits between themselves. Independent of the statute, it is a well-established rule of evidence that facts obtained in confidence from one by the other because of the marital relation, shall not be made public through testimony in a court of law. The happiness of the marriage state requires that there should be unlimited confidence between husband and wife, and their confidence the law secures by providing that nothing shall be extracted from the bosom of the one in whom the confidence was reposed by the other. Such confidence is inviolable forever, even after the marital relation ceases by divorce or death.

Neither this statute nor the rule of evidence mentioned, however, precludes the husband or wife from testifying to facts which come to his or her knowledge by means equally accessible to any person not standing in the relation of husband or wife. 1 Greenleaf on Evidence, sec. 338; 2 Best on Evidence, sec. 586; 29 American & Eng. Ency. of Law, 629 and 630; Lingreen v. I. C. R. R. Co., 61 Ill. App. 174; Dexter v. Booth, 2 Allen, 559.

Cross v. Rutledge, 81 Ill. 266, cited by appellant, is not an authority sustaining appellant's position. That was a case in which the plaintiff had sued the defendant for seduction of his wife, and the Supreme Court held that the trial court properly excluded the testimony of the plaintiff's divorced wife as to facts which came to her knowledge by reason of the marital relation. The opinion is in full harmony with the rule of evidence above stated. In Griffeth v. Griffeth, 162 Ill. 368, also cited by appellant, the court held that in a divorce suit in which the wife charged the husband with impotence, the trial court improperly admit-

244 APPELLATE COURTS OF·ILLINOIS.

VOL. 113.] Supreme Lodge Mystic Workers of the World v. Jones.

ted the testimony of a former wife to the effect that the husband, when she lived with him, was impotent. Of course, such testimony was improper. The facts testified to by the former wife necessarily came to her knowledge by reason of the marital relation. Appellee testified to facts that were equally accessible to other persons, and was, therefore, competent to testify to anything relating to his wife's general health, except as to admissions and conversations.

No error was committed in allowing witnesses, not medical experts, to testify to the general appearance of Lulu Jones' health. They were neighbors and persons having opportunities to observe shortness of breath, or other evidence of heart affliction, and while their testimony may not have been entitled to the weight of medical experts, it was admissible.

In the argument counsel for appellee were permitted, over the objection of appellant, to state to the jury and assert as a fact, that, in five separate and distinct applications, Mrs. Jones had answered that she did not have heart disease, and that five different physicians had certified upon examination that she had no such disease. There was no evidence, whatever, as to what her answers were, or whether she was required to make any in her application for insurance in the "Home Forum," the "Fraternal Crystal Light," or the "Pioneer Reserve," in each of which societies she held a policy of $2,000. There was no evidence that she, on being subjected to a medical examination in those cases, was found not to have heart disease—no evidence that she was ever subjected to an examination. For counsel in the closing argument to the jury to assert and reiterate as a fact that she, in those cases, was found by the physicians examining her not to have heart disease, was highly improper. In the printed brief filed in this court, counsel for appellee insist that the objectionable remarks were merely inferences or deductions from the evidence in the case. Of course, it is the privilege of an advocate in his argument to the jury to make such deductions as he

thinks the evidence justifies. A wide latitude is given him in that regard; and so long as he confines his discussion to the issues and evidence, he will be guilty of no misconduct, although he may use bad logic and draw erroneous inferences. But if he states as fact matter pertinent to the issue and not in evidence, he abuses his privilege, and exceptions may be taken on the other side which may be good ground for new trial, or for reversal. E. J. & E. R. R. Co. v. Fletcher et al., 128 Ill. 619; Hennis et al. v. Vogel, 87 Ill. 242; C. & A. R. R. Co. v. Johnson, 116 Ill. 206; Holloway v. Johnson, 28 Ill. App. 463; Hickling v. Hickling, 40 App. 73; Jacques v. Bridgeport H. R. Co., 41 Conn. 61; Burnham v. Butler, 58 N. H. 568; Brown v. Swineford, 44 Wis. 282.

In this case, the remarks were not the deductions from evidence, but the emphatic statement of facts not in evidence, and that too, upon the vital issue in dispute; and the court, instead of restraining counsel and taking prompt steps to correct the evil influence of the remarks, by overruling appellant's objections, gave sanction to the remarks. In E. J. & E. R. R. Co. v. Fletcher, et al., *supra*, Mr. Justice Scholfield uses the following language :

"A court hearing counsel, under pretense of arguing a case, making statements of matters to the jury not in evidence or pertinent as illustrative of matters in evidence, should promptly stop the counsel, explain to the jury the impropriety of his language, and take such measures as shall be appropriate to prevent a repetition of such misconduct, and for a failure of duty in that respect manifestly affecting the result, the judgment should be reversed."

Of course, where the verdict is amply supported by the evidence, and the court can see that the judgment does substantial justice between the parties, the Appellate Court will pass over the error and affirm. But in view of the conflict of the evidence in this case, and the doubt which we entertain of appellee's right to recover on the facts, we feel that a substantial wrong has been done appellant.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*