## A. Monski for use of Richard Pick Manufacturing Company, Appellant, v. Joseph Smith et al., Appellees.

### Gen. No. 26,877.

1. FRAUDULENT CONVEYANCES—*right of creditor to garnishment where sale made in violation of Bulk Sales Act.* Goods and chattels obtained by purchase from a debtor without a compliance with the provisions of the Bulk Sales Act (Cahill's Ill. St. ch. 121a, ¶¶ 1-3) may be reached by a creditor of the vendor by garnishment proceedings, the sale being fraudulent and void as to such creditor.

2. FRAUDULENT CONVEYANCES—*right to garnishment against purchaser where sale made in violation of Bulk Sales Act.* The right to garnishment against the purchaser of a debtor's business, where the sale was made in violation of the Bulk Sales Act (Cahill's Ill. St. ch. 121a, ¶¶ 1-3) is not limited to cases where the purchaser still has in his possession the identical goods at the time of service of the garnishment writ.

3. STATUTES—*effect of foreign decisions on construction.* The decisions of the courts of other States construing their bulk sales statutes, when such statutes are substantially identical with our statute, will have great force in construing our statute.

4. FRAUDULENT CONVEYANCES—*liability of person selling goods sold to him in violation of Bulk Sales Act.* The purpose and effect of the Bulk Sales Act (Cahill's Ill. St. ch. 121a, ¶¶ 1-3) were to render goods sold in violation of the act trust property in the custody of the vendee for the benefit of the vendor's creditors and, if the vendee under a sale fraudulent under that act afterwards sells the goods, he is liable under a subsequent garnishment proceeding for their value at the time he sells them and the proceeds may be applied to the satisfaction of the creditor's debt against the principal defendant.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Reversed and remanded. Opinion filed January 17, 1922.

GROSSBERG & HAFFENBERG, for appellant.

MAX M. KORSHAK, for appellees.

Monski v. Smith, 224 Ill. App. 206.

MR. JUSTICE MORRILL delivered the opinion of the court.

The record in this case shows that November 11, 1920, Richard Pick Manufacturing Company recovered a judgment in the municipal court of Chicago against A. Monski for the sum of $522.50 and costs of suit; that execution was issued and returned unsatisfied and that the debtor filed his schedule claiming exemptions as the head of a family. Garnishment proceedings were instituted upon this judgment December 9, 1920. The answer of the garnishees, Joseph Smith and Gussie Smith, his wife, denied that at the time of service of summons or at any time thereafter they had any money, goods or chattels of any kind belonging to Monski in their possession or control. The case was heard by the court without a jury. There was a judgment in favor of the garnishees, from which this appeal is prosecuted. No brief has been filed in behalf of appellees.

The evidence shows that the garnishee, Joseph Smith, had previously purchased from Monski the entire stock in trade, fixtures, merchandise and good will of a certain furniture selling business owned and conducted by the latter. At the time this transaction took place Smith knew that Monski was indebted to the Richard Pick Manufacturing Company. The transaction was completed without a compliance by the vendor with the provisions of the Bulk Sales Act (Cahill's Ill. St. ch. 121a, ¶¶ 1-3). According to Smith's testimony the purchase included everything pertaining to Monski's business. The transaction was not in the ordinary course of business. Subsequently, and prior to the service of the garnishment summons, Smith sold the goods and chattels so purchased. The evidence does not show the exact amount derived from the sale or the actual value of the goods so sold. The proceeds of the sale are in the possession and control of Smith and his wife, the garnishees.

It is obvious that the sale from Monski to Smith was fraudulent and void as to creditors of the vendor. Rev. St. ch. 121a, sec. 79 (Cahill's Ill. St. ch. 121a, ¶ 1). It has been held repeatedly by this court that goods and chattels obtained by purchase from a debtor without a compliance with the provisions of the Bulk Sales Act may be reached by a creditor of the vendor under garnishment proceedings, the sale being fraudulent and void as to such creditor. *Cohn v. Malo*, 198 Ill. App. 538; *National Trust & Credit Co. v. Elmes*, 207 Ill. App. 153; *La Salle Opera House Co. v. La Salle Amusement Co.*, 212 Ill. App. 621.

The right to garnishment against the purchaser of a debtor's business, the sale being made in violation of the Bulk Sales Act, is not limited to cases where the purchaser still has in his possession the identical goods purchased from the debtor at the time of the service of the garnishment writ. We see no reason to distinguish between the goods and chattels which were sold in violation of the law and the proceeds derived from their sale by the fraudulent purchaser. As against the creditor, the goods and chattels continued, in the contemplation of the law, to be the property of the debtor, regardless of the fraudulent sale thereof. By the same line of reasoning, the proceeds derived from their sale by the purchaser under the fraudulent sale must be regarded as the debtor's property. Our attention has not been called to any decision of the reviewing courts of this State upon this precise question, but we find upon investigation that the provisions of the statute of this State upon the subject of bulk sales are substantially identical with those of similar enactments in the States of Washington, Nebraska and Georgia, all of which were prior to the passage of the Illinois Act. *Cohn v. Malo, supra.* The decisions in these States, therefore, have great force in construing our own statute. *ReQua v. Graham*, 187 Ill. 71.

The general rule that a garnishee's liability to a creditor of the principal defendant is conditioned upon his liability to such defendant, or, stated differently, that a creditor cannot reach by garnishment any assets which his debtor could not recover from the garnishee, is subject to an exception in a case where the garnishee is in possession of effects of the defendant under a sale which was fraudulent as to his creditors. We are of the opinion that the purpose and effect of the Bulk Sales Act were to render goods sold in violation of the act, trust property in the custody of the vendee for the benefit of the vendor's creditors. If the vendee under a fraudulent sale of this character afterwards sells the goods he is liable under a subsequent garnishment proceeding for their value at the time he sells them and the proceeds may be applied to the satisfaction of the garnishee's debt against the principal defendant. *Jaques & Tinsley Co. v. Carstarphen Warehouse Co.*, 131 Ga. 5; *Friedman v. Branner*, 72 Wash. 338; *Interstate Rubber Co. v. Kaufman*, 98 Neb. 562. Neither the exact amount of the proceeds derived by the garnishees from the sale of the property in question nor the value of the goods and chattels at the time of the sale is shown by the evidence. Therefore it is impossible for this court to determine the exact amount of the liability of the garnishees.

The judgment of the municipal court is reversed and the case remanded.

*Reversed and remanded.*

Gridley, P. J., and Barnes, J., concur.