# William R. Browning, Administrator of the Estate of C. A. Jones, Deceased, for the use of Valier State Bank, Appellee, v. Ray Spurrier and Fred Steckenrider, Appellants.*

1. WITNESSES—*competency of widow as to deceased husband's acts.* A widow is competent to testify that notes signed by her deceased husband in his name and also in her name were never signed by her or with her consent, on garnishment against transferees of his property to collect a confessed judgment against him on the notes.

2. CONFESSION OF JUDGMENT—*propriety of entering confession against one of two signers of note.* Judgment may be entered solely against a husband upon notes containing provision for confession of judgment although his wife's name also appears thereon, if the evidence shows the wife to have in no way authorized or signed the notes.

3. CONFESSION OF JUDGMENT—*setting aside at subsequent term.* Unless a meritorious defense is shown in the motion and application to open a judgment on a note providing for confession judgment, even the maker cannot have the judgment set aside at a subsequent term.

4. CONFESSION OF JUDGMENT—*re-opening as equitable question.* The question presented on motion to re-open a judgment taken on confession at a prior term is not whether it should be vacated for error of law but whether there is any equitable reason for opening it.

5. FRAUDULENT CONVEYANCES—*liability of vendee to garnishment.* One who buys goods in violation of the Bulk Sales Act and afterwards sells them is liable in a subsequent garnishment proceeding for their value at time of sale to satisfy a note confession judgment against the vendor.

6. FRAUDULENT CONVEYANCES—*when knowledge does not bar vendor's creditor.* A creditor cannot be prevented from pursuing garnishment against the vendee of debtor's garage and contents under a sale in violation of the Bulk Sales Act, merely because he learned of the sale after it and the delivery thereunder had occurred and part of the consideration been paid.

Appeal by defendants from the Circuit Court of Franklin county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

LAYMAN & JOHNSON, for appellants.

HART & HART, for appellee.

* Received from clerk of Appellate Court, August 8, 1927.

MR. JUSTICE BOGGS delivered the opinion of the court.

One C. A. Jones, of Christopher, Franklin county, Illinois, while the owner and operator of a garage in said city, became indebted to the Valier State Bank in the sum of $3,235. To secure this indebtedness, he delivered to said bank seven promissory notes, in varying sums, aggregating said principal sum. Said notes were signed by the said C. A. Jones, and all of them purported to be signed by his wife, Emma Jones. In May, 1921, Jones sold his said garage, with its contents, including the fixtures, accessories, oils and other supplies, to appellants. Thereafter, on June 16, 1921, the Valier State Bank obtained judgment by confession on said notes, in the circuit court of said county, against the said C. A. Jones alone. An execution was issued on said judgment and delivered to the sheriff of said county, and was by him returned "No property found," the return being dated August 16. On August 18, the said C. A. Jones died and William R. Browning, appellee herein, was appointed administrator of his estate.

Thereafter garnishment proceedings were instituted by said bank, predicated on the theory that said sale to appellants was void for failure to comply with the "Bulk Sales Act." At the time the garnishment proceedings were begun, appellants had sold $300 worth of said fixtures, accessories and supplies. At the February term, 1923, of said circuit court, a jury being waived, a trial was had before the court, resulting in a personal judgment for $300, rendered against appellants in favor of appellee as such administrator, for the use of said bank, and a judgment in rem for $3,371.57, with a special execution. To reverse said judgment, this appeal is prosecuted.

It is practically conceded by appellants that, in the sale of the contents of said garage, there was no attempt to comply with the "Bulk Sales Act," Cahill's St. ch. 121a, ¶ 1 et seq., but it is insisted that, not-

withstanding that fact, the judgment in this case should be reversed: First, for the alleged reason that the judgment against the said C. A. Jones was confessed on a joint warrant of attorney, and that therefore the same is void, and cannot here be made the basis for said garnishment proceeding; second, that the court erred in rendering a personal judgment against appellants as garnishees for the amount received by them on the sale of said fixtures, supplies and accessories, and that there was no warrant of law therefor.

On the first proposition, the record discloses that the cashier of said bank, in making affidavit to the signatures on said notes and warrants of attorney, stated on information and belief that the signature of Emma Jones, appearing on said notes, was affixed thereto by the said C. A. Jones without the consent or authority of the said Emma Jones. In addition thereto, Emma Jones testified on behalf of appellee that she never signed any of said notes, and never authorized her husband or anyone else to sign the same for her. There is no evidence in the record disputing this testimony. Counsel for appellants, however, contend that Emma Jones, being the widow of C. A. Jones, deceased, was not a competent witness in said garnishment proceedings.

In *Lingreen v. Illinois Cent. R. Co.*, 61 Ill. App. 174, the Appellate Court of the third district, in discussing a question of this character at page 175, says:

"Lena Lingreen, widow of the deceased, was in company with him at the time and saw much or all that occurred. She was offered as a witness in behalf of the plaintiff.

"The court ruled she was 'not competent to testify to any fact that occurred at the time of her husband's death or in respect to any matter or thing leading to it.'

"At the common law a wife was excluded as a witness for or against her husband in his litigation with others than herself, upon the ground that the interest of husband and wife were in legal contemplation identical, and also for reasons of public policy looking toward the preservation of harmony and confidence in the marriage relation.

"After the death of the husband, as no reasons of public policy demanded silence, except as to communications imparted under the sanctity and confidence of the marriage relation, the wife, if not interested pecuniarily in the action, was deemed competent to testify to facts coming to her knowledge from other sources and not by means of her situation as a wife, notwithstanding they related to the transactions of the husband. 9 Amer. & Eng. Ency. of Law, p. 807; 1 Greenleaf, Evid., Sec. 338."

And in *Supreme Lodge of Mystic Workers of the World v. Jones,* 113 Ill. App. 241, the same court at page 243 says: "Neither this statute nor the rule of evidence mentioned, however, precludes the husband or wife from testifying to facts which come to his or her knowledge by means equally accessible to any person not standing in the relation of husband or wife. 1 Greenleaf on Evidence, sec. 338; 2 Best on Evidence, sec. 586; 29 American & Eng. Ency. of Law, 629 and 630; Lingreen v. I. C. R. R. Co., 61 Ill. App. 174; *Dexter v. Booth,* 2 Allen, 559." The only name, then, rightfully appearing on said notes and warrants of attorney was the name of C. A. Jones. This being true, the court was fully warranted in entering judgment against him thereon, notwithstanding the language of the warrant may have indicated that the same was joint and not several. Clause 3, sec. 1, ch. 131, Cahill's Revised Statutes, provides that words "importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular."

The law further is that a judgment by confession cannot be set aside at a subsequent term, even on motion of the maker of the note and warrant of attorney, unless a meritorious defense is shown in the motion and application to open up such judgment. *Knox v. Winsted Sav. Bank,* 57 Ill. 330; *Zuckermann v. Solomon,* 73 Ill. 130; *Blake v. State Bank of Freeport,* 178 Ill. 182; *Bowman v. Powell,* 127 Ill. App. 114; *Moyses v. Schendorf,* 238 Ill. 232.

In *Knox v. Winsted Sav. Bank, supra,* the court at page 332, in discussing a question of this character says: "It is insisted, that the power given by the warrant of attorney was departed from in this case,—that the authority given was, to confess judgment against the makers of a joint and several note, according to the tenor and effect of the note, and that the judgment should only have been confessed against all the makers of the note jointly, or against them severally—that there was no authority to confess it against five of the seven jointly;   *   *   *.

"It must be considered that Tucker and Ritchie had authority to confess judgment against these five of, the makers, as they could not have confessed a judgment against themselves in their own favor; and whether such authority passed to their assignee or not, we think it was substantially pursued in this case, in confessing the judgment against these five defendants jointly.   *   *   *

"The question properly before the court below was, not whether the judgment should be vacated for error of law, but whether, in the exercise of its equitable jurisdiction, there was any equitable reason for opening the judgment. *Rising v. Brainard,* 36 Ill. 79."

We therefore hold that the court was warranted in entering judgment against C. A. Jones alone on said warrants of attorney.

The second proposition contended for by appellants is not supported by the authorities in this State. The

only case cited by appellants which at all tends to support their contention is the case of *Chicago Specialty Shoe Co. v. Uhwatt,* 197 Ill. App. 460, a first district case. An examination of the opinion will disclose that the court did not have squarely before it the question here sought to be raised. Since the decision in the *Uhwatt* case, the Appellate Court for said district has in several cases held to the contrary of said proposition. *Monski v. Smith,* 224 Ill. App. 206; *Ogden Ave. State Bank v. Cherry,* 225 Ill. App. 201; *Larsen v. Ritter,* 227 Ill. App. 300; 27 C. J. p. 886, sec. 892.

In *Monski v. Smith, supra,* the court, at page 209, says: "We are of the opinion that the purpose and effect of the Bulk Sales Act were to render goods sold in violation of the act, trust property in the custody of the vendee for the benefit of the vendor's creditors. If the vendee under a fraudulent sale of this character afterwards sells the goods he is liable under a subsequent garnishment proceeding for their value at the time he sells them and the proceeds may be applied to the satisfaction of the garnishee's debt against the principal defendant. *Jaques & Tinsley Co. v. Carstarphen Warehouse Co.,* 131 Ga. 5; *Friedman v. Branner,* 72 Wash. 338; *Interstate Rubber Co. v. Kaufman,* 98 Neb. 562."

It is further contended by counsel for appellants that the cashier of said bank had actual notice of the sale and transfer of the contents of said garage, and that therefore said bank was not in a position to maintain said garnishment proceeding. We have examined the record in connection with this contention, and find that the proof is to the effect that said garage and its contents had been sold and delivered and a part of the consideration had been paid, before said cashier had any notice thereof. There is, therefore, no merit in this contention.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*