RUTLEDGE v. EVANS, Sheriff.

1. ORDER OF EVIDENCE. The court may in the exercise of its discretion direct the order in which evidence shall be introduced on the trial of a cause.

2. REPLEVIN: FRAUDULENT SALE. Where a debtor transferred property for the purpose of defrauding his creditors, and his vendee parted with it in exchange for other property, it was held that the title and right of possession thus acquired vested in the vendee and not in the

debtor, and that a judgment creditor of such debtor could not hold the same by virtue of the levy of an execution.

*Appeal from Madison District Court.*

TUESDAY, DECEMBER 10.

THE facts are fully stated in the opinion of the court.

*McPherson & Elliott* for the appellant.

*C. C. Nourse* for the appellee.

The right of the District Court to control the order of testimony is undoubted, and like the exercise of any other discretionary power it will not be reviewed by the appellate court unless grossly abused. *The Philadelphia and Trenton Railroad Company* v. *Simpson,* 14 Pet. 448; *Van Buren* v. *Wells,* 19 Wend. 203; 1 Hill. 300; 14 Penn. S. R. (2 Har.) 91; 17 Ib. 344; 35 Maine 198; 14 Ala. 198; 20 Ala. 294; 14 Geo. 55.

LOWE, C. J.[1]—Proceeding in replevin. Plaintiff claimed the possession and ownership of seventy-two dry hides valued at $111,00, which defendant·had levied upon and taken out of his possession by an execution in favor of Pattens, Low & Merriam, for $376,48 against one W. A. Jenkins. The defense set up was that Jenkins owned much property, including a stock of goods, and was largely in debt; that on the 10th of August, 1859, he conveyed all the property to plaintiff, his brother-in-law, which included the hides in controversy. This was denied, the cause tried, verdict and judgment for plaintiff.

The cause comes before us upon a single bill of exceptions, so incautiously drawn that if we should adopt the rule of construing it most strongly against the party taking the

---

[1]. WRIGHT, J., dissenting.

same, it is doubtful whether it presents any question which we should consider.

The bill sets out with stating that the plaintiff first offered evidence tending to prove property in the hides; that they constituted no part of the stock of goods sold by Jenkins to plaintiff, but had since been purchased of third persons by plaintiff, &c. The defendant then offered to produce evidence tending to show that the stock of goods sold by Jenkins to plaintiff on the 10th of August, 1857, was fraudulent as against Jenkins' creditors, and that Jenkins at that time was largely in debt. This the court would not permit him to do until he first showed that the hides in controversy were a part of said stock of goods, and thereupon the defendant declined to offer any further evidence. Although the bill of exceptions does not show that this ruling of the court was excepted to, yet it is the main point of complaint in the argument of counsel, who insists that the court has no right to control him in the order in which he shall offer his evidence.

This is a misapprehension. All evidence goes to the jury under the direction of the court, questions of relevancy as well as those of competency are within the purview of his discretion. In the exercise of this discretion, the court not unfrequently lets in testimony, the relevancy of which is not apparent, with the understanding that a foundation afterwards should be laid for it, otherwise to be ruled out. The court in its discretion, in this case, thought proper to require the evidence to be introduced in its natural order. We are not prepared to say that this was error; nor can we conceive how the defendant would have been prejudiced by this course.

Again, the bill of exceptions shows that defendant offered to prove that the hides in controversy had been purchased by plaintiff with the goods or the proceeds of the goods which he had fraudulently obtained from Jenkins. This

also was refused and is the only ruling of the court which the bill shows was excepted to. This presents a question that does not seem to be very well settled by the authorities. In equity it has been held that a creditor might thus pursue the property of a fraudulent debtor, or the proceeds thereof, wherever it could be found in the hands of a purchaser with notice. But in an action of replevin on the law side of the docket, where the title and right of possession to the property in controversy constitutes the issue between the parties, it may well be questioned whether a judgment creditor by his levy can hold property the possession and title of which was never in the debtor.

The competency of such testimony must depend upon the question whether the proof when made would show or tend to show, as in this case, that the title of the hides obtained in the way proposed, would enure to Jenkins the supposed fraudulent debtor; if so, his creditors could levy upon them and the evidence would be competent. If it would not, then the evidence was properly rejected. The law never favors fraud, and when a debtor disposes of his property to defraud and delay his creditors, the possession as to them is not changed, and in contemplation of law the title is still in the debtor to the extent of the creditor's demand. But as between the debtor and the purchaser the title and right of possession is in the latter, and when he parts with the same to a third person without notice and takes in exchange other property, that property vests in him and not the debtor, and therefore the debtor not having either the title or possession, it follows that he could have no interest in law which a judgment or an attaching creditor could levy upon and hold. There was no error, therefore, in excluding this evidence.

Judgment affirmed.