Dobson v. More.

## John Dobson and James Dobson v. C. E. More, Assignee, etc.

1. EXECUTIONS—*Levy of, on Property in Hands of Fraudulent Grantee.*—The creditor of a fraudulent grantor may levy upon only such property of the fraudulent grantee as he is shown to have received from the grantor.

**Petition**, in assignment proceedings. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

L. S. HODGES, and DENT & WHITMAN, attorneys for appellants; L. W. BARRINGER, of counsel.

BULKLEY, GRAY & MORE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT. The appellee is the assignee of the Wilson & Bayless

Company, a corporation, administering the assets under the direction of the County Court.

The company was incorporated in the fall of 1888—the certificate being recorded October 8, 1888.

The business in which it engaged had, before the incorporation, been conducted by George Wilson, Jr., and Theodore P. Bayless, under the firm name of Wilson & Bayless; and it may be conceded that the purpose in incorporating was to put the stock in trade of the firm into the possession of the corporation, out of the reach of the creditors of the firm—to hinder, if not to defraud them.

March 11, 1889, the appellants took judgment against the members of the firm upon a debt which existed before the incorporation, and levied upon goods in the possession of, and claimed by, the corporation. By arrangement, the goods were surrendered by the sheriff to the assignee without prejudice to any rights acquired by the levy.

Now if the case showed—what we have sought in vain to find, that the identical goods levied upon, or any of them, had ever been the property of the firm—were in the stock in trade transferred by the firm to the corporation—then the question of fraud in that transfer could be raised. But there is no proof, nor presumption, that goods in the possession of, and claimed as its own by the corporation in March, 1889, came to its possession from the firm in October, 1888, and it is not the law that the creditor of a fraudulent grantor may levy upon property of the fraudulent grantee which he did not get from that grantor.

What is herein stated as to the judgment, execution and levy is taken from recitals in petitions, answers, and orders in the County Court which the parties tacitly assume to be true.

The judgment, execution and return thereon were offered in evidence by the appellants, but rejected by the court, to which the appellants excepted, but do not allude to in their brief. In all the recitals alluded to, and in all the evidence, no one article is specified as included in the levy.

From the testimony of Wilson there is a vague inference

that carpets—without more words, carpets—which had belonged to the firm were levied upon.

A judgment may not be reversed upon such an inference. The judgment is affirmed.