JOHN DOBSON et al.

v.

CLAIR E. MORE, Assignee.

*Opinion filed February 14, 1898.*

1. ATTACHMENT—*incorporation of partnership—what necessary to sustain levy by former creditor.* A creditor for goods sold to a partnership which became incorporated after the purchase, who levies an attachment on the corporate property claiming it was transferred from the partnership to hinder creditors, must show, to sustain the levy, that the property attached was the same property transferred from the partnership, and that the transfer was fraudulent.

2. SAME—*what not sufficient to show property attached was the property fraudulently transferred.* The mere assertion by a witness that at the time of the levy of an attachment on corporate property by a creditor of members of the corporation, formerly a partnership, there was a large portion of the property formerly owned by the partnership on hand, will not sustain the levy, where such property is not distinguished from the general mass.

*Dobson v. More,* 70 Ill. App. 89, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

LOTHROP S. HODGES, and DENT & WHITMAN, (L. W. BARRINGER, of counsel,) for appellants.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants had sold goods amounting to about $4000 to the firm of Wilson & Bayless, and had sent their accounts for collection to Chicago. Wilson & Bayless incorporated as the Wilson & Bayless Company, the certificate of incorporation being dated September 22, 1888, and the corporation bought the stock in trade of the partnership. In January, 1889, Wilson opened negotiations with counsel for the appellants in regard to their

claim against the partnership, and counsel threatened to attach the goods transferred to the corporation on the ground that they had been fraudulently transferred to hinder and delay creditors. During these negotiations counsel for appellants was fully apprised of the organization of the corporation, its purposes, the manner in which its stock was subscribed for and the manner in which the partnership had transferred their stock in trade to the corporation. These negotiations resulted in appellants taking the judgment notes of Wilson & Bayless, dated February 5, 1889, the payment of which notes was guaranteed by the corporation Wilson & Bayless Company by endorsement thereon, for their claim and in abandoning the contemplated attachment proceedings. Becoming concerned as to the collection of their debt, appellants had judgment entered on the notes and execution issued against Wilson & Bayless March 11, 1889, and the sheriff levied on the stock of the Wilson & Bayless Company, already in his hands on a prior levy of an execution against the corporation by the Atlas National Bank of Chicago. The next day the corporation made an assignment for the benefit of creditors to Marshall D. Talcott, who was afterwards succeeded by appellee, Clair E. More, as assignee. On March 13, 1889, the sheriff turned over to the assignee the property he had levied on under these executions, an order of the county court being entered at the same time showing that this was done by agreement of all interested parties, and preserving all rights acquired by virtue of such levies and without waiving any liens. The property was sold by the assignee and part of the proceeds is still in his hands. Thereafter appellants filed their claim with the assignee against the corporation on their guaranty of these notes, to which claim the assignee interposed exceptions, which were sustained by the county court, and finally, on appeal, by this court in *Dobson* v. *More,* 164 Ill. 110, on the ground that the guaranty was not within the scope of

the powers of Wilson, the general manager, who had executed it, no authority having been shown from the board of directors for such guaranty. Appellants then filed their petition in the county court, asking that they be paid in full out of the moneys in the hands of the assignee, and relying on their rights under the sheriff's levy and order of court releasing the levy, setting up that the transfer of the property of the partnership to the corporation was made to hinder, delay and defraud appellants, and that the property was subject to the lien of the execution against Wilson & Bayless. The county court denied the petition, and on appeal to the Appellate Court that court affirmed the judgment, and appellants have further appealed to this court.

It is contended by appellee that appellants have waived any rights they may have had to proceed against the property of the corporation by reason of the same having been transferred to it to hinder, delay and defraud appellants, as it is alleged, by having filed their claims against the corporation with the assignee; and it is also contended that no fraudulent transfer has been shown. It will not be necessary to determine these points, as we think the evidence does not sufficiently show that the property the sheriff levied on was the same property the partnership transferred to the corporation. The only evidence in the record on that subject is that of George Wilson, one of the partners, who testified that there was a large portion of appellants' and Boyd & White's goods in stock at the time of the levy; that the account sued on was for the only purchases ever made of appellants. He also testified that about fifteen hundred dollars' worth of goods from appellants, ordered by the partnership and included in the account, came in after the transfer to the corporation; but a reference to the items of account shows that this was a mistake, and that practically nothing was received after the incorporation and transfer of the stock. This is all there is in the record in regard to

171—18

whether there was any property that came from the partnership on hand at the time of levy, or if so, what it was. There is no specific allegation or evidence anywhere showing what particular articles were then in the possession of the corporation that were transferred to it by the partnership.   Wilson says the sheriff levied on carpets, but he did not know whether he levied on all or not. The transfer was made about the first of October and the levy on March 11 following, and Wilson testified that there was little sale of carpets during that time.   How much of the partnership stock was there nowhere appears, nor is it shown that the sheriff levied on the carpets that appellants had furnished or on those furnished by others to the partnership, and nothing appears as to the character or amount of Boyd & White's goods on hand at the time of the levy.

In order to sustain their levy appellants should have shown that it was made on the same goods received from the partnership, for it is only upon such goods they would have any right to levy their execution, assuming that the transfer was fraudulent, which subject we do not discuss here.   A mere general assertion that there was a large portion of appellants' goods, or goods derived from the partnership, in stock at the time is not enough.   Such goods should have been pointed out and separated from the general mass, and it is incumbent on appellants to prove that the particular goods levied on were so fraudulently transferred to the corporation.  Without such proof the court could not determine whether they acquired any preference by their levy or not, nor the extent of it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*