JOHANNA LUNDVICK and MARIE LUNDVICK v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA., Appellant.

**Evidence:** WAIVER OF OBJECTION. Error in admitting incompetent
1 testimony on the statement of counsel that its relevancy will be made to appear later, is waived by a failure of the objecting party to move to strike it out.

**Evidence of value:** COMPETENCY. Where a witness was shown to
2 have assisted in invoicing a stock of goods shortly previous to its destruction by fire, to have handled and known its value at that time, and to be engaged in the sale of similar goods, her competency on the question of value was established.

**Appeal:** DENIAL OF ADDITIONAL ABSTRACT. Where there is a denial
3 by the appellant of the appellee's additional abstract, which relates to the evidence, the transcript of the evidence should not only be certified, but the denial abstract or printed argument should point out the specific pages of the transcript relied on to sustain the denial.

*Appeal from Webster District Court.*— HON. J. H. RICH-ARD, Judge.

WEDNESDAY, JUNE 14, 1905.

SUIT to recover on a fire insurance policy. Trial to a jury, and verdict and judgment for the plaintiffs. The defendant appeals. — *Reversed.*

*Wright & Nugent,* for appellant.

*Healy Bros. & Kelleher,* for appellees.

SHERWIN, C. J.— The policy in suit covered a stock of millinery goods, and the loss for which recovery was sought occurred on the 29th day of June, 1902. A part of the stock destroyed by the fire was formerly owned by C. V. Lundvick, and was so owned by him when he became a voluntary bankrupt in February, 1901. He was a witness for the plaintiffs, and was asked on his direct examination what these goods were invoiced at, at the time he filed his petition in bankruptcy. Proper objection was made to the question, and, on the statement of the plaintiff's counsel that he would " connect this later on," the witness was permitted to answer. The question was incompetent for any purpose, so far as the record discloses, and it was error to admit the answer. The appellee contends, however, that the ruling was waived by not moving to strike the answer after it became apparent that it would not be made competent by further testimony. The testimony was not made competent, as we have seen; but, whatever the true rule in such cases should be, as a matter of common fairness to the objecting party, we have established the rule that the error is waived if no motion be made to strike the testimony. *Rutledge v. Evans,* 11 Iowa, 287; *Cramer v. Burlington,* 42 Iowa, 315.

Exhibit B was a book containing an invoice of the plaintiffs' millinery stock, made only a short time before the fire, and we think that a sufficient foundation was laid for its introduction in evidence, and that it

1. EVIDENCE: waiver of objection.

was competent, under the holding in *Casey v. Ballou Banking Co.,* 98 Iowa, 107. The footings of the columns were not verified, but it does not appear that the book was offered for the purpose of showing the entire value of the stock.

Belle Gabriel was a witness for the appellant. She had been a saleswoman for several years in a dry goods

store in which millinery goods were handled and sold. She

**2. EVIDENCE OF VALUE: competency.** was appointed one of the appraisers of the bankrupt stock in question, and did in fact examine it and help appraise and invoice it. She testified that she was familiar with millinery goods, and, while she did not sell such goods in the store where she worked, that she handled them to some extent, and knew their cost and value. She also testified that she knew the value of the goods in question at the time that she invoiced them, but this value she was not permitted to state. There was error in rejecting her testimony on this question. She had shown herself competent to testify to the value of the stock, and the weight to be given to her testimony was for the jury, and not for the court. *Graves v. Insurance Co.,* 82 Iowa, 637; *Latham v. Shipley,* 86 Iowa, 545; *Winklemans v. Des Moines N. W. R. Co.,* 62 Iowa, 11.

The other errors argued by the appellant are not likely to arise on a retrial of the case, and we need not more specifically refer to them. We also refrain from a discussion of the claim that the verdict was

**3. APPEAL: denial of additional abstract.** the result of passion and prejudice. For the errors indicated, the judgment must be reversed.

A motion to strike the appellees' amendment to the appellant's abstract was submitted with the case, and is overruled. Section 31 of the statutes and rules regulating practice in this court provides that a denial by appellant of an additional abstract by the appellee shall be disregarded, unless sustained by a certification of the record. And where the difference between the parties relates to the evidence, the rule means that the transcript thereof shall be certified, and it was in fact certified in this case. But the denial does not specify the pages of the transcript to which we may turn for its verification, or offer any other assistance in solving the controversy. It is impossible for us to examine two or three hundred pages of transcript for the purpose of determining what a witness has testified to, when

he has testified on the subject in dispute. Where there is a dispute making a certification of the record necessary, counsel should, either in the denial abstract or in printed argument, point out the specific pages of the transcript relied on to sustain their denial. — *Reversed.*