### J. G. GUYTON ET AL. v. MAX CHASEN.

Decided February 23, 1907.

**1.—Stock of Goods—Fraudulent Sale—Creditors.**

Where a sale of a stock of merchandise is fraudulent and void as to creditors, but an actual sale as between the vendor and vendee, and the stock is replenished by the vendee with the proceeds of the sale of such stock, a defrauded creditor may levy an execution or attachment only upon the identical articles which the vendee received under the fraudulent conveyance. It is otherwise where the sale is only a sham and not intended to pass the title from the vendor to the vendee.

**2.—Same.**

Where the sale of a stock of merchandise is fraudulent as to creditors and the vendee with notice of the fraud converts the proceeds of the property, a creditor may have a remedy by direct proceeding against the vendee for the value of the property so converted.

Appeal from the County Court of Washington County. Tried below before Hon. E. P. Curry.

*Pennington & Schulze* and *W. W. Searcy,* for appellants.—As to cred-

itors the law declares all sales by an insolvent debtor for money fraudulent, where the purchaser knows or ought to know that the sale is made by the debtor for the purpose of putting his property beyond the reach of creditors. Elser v. Graber, 69 Texas, 226; Gallagher v. Goldfrank, 75 Texas, 565; Seligson v. Brown, 61 Texas, 183; Oppenheimer v. Half Bros., 68 Texas, 412; Blum v. Simpson, 66 Texas, 84; Traylor v. Townsend, 61 Texas, 146; Baze v. Island City Mfg. Co., 15 Texas Ct. Rep., 483.

If the original sale from Aronson to Max Chasen was fraudulent as to the creditors of I. Aronson, Aronson having been left in possession of the goods and using the money realized from the sale of same to purchase and pay for other goods that were put into the same house mingled with the goods that were pretended to have been sold by Aronson to Chasen, then in law the fraud of the original transaction attached to the goods mingled with the original Aronson's stock, and the same were subject to be levied on by the creditors of Aronson, it matters not what the intention of Chasen or those from whom the goods were purchased might have been. Gibson v. Hill, 21 Texas, 228; Griffin v. Wright, 1 W. & W., 639; Blum v. Simpson, 71 Texas, 628.

*Mathis, Buchanan & Rasberry,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is a suit in the County Court by Max Chasen against J. G. Guyton, constable, and T. A. Low and C. L. Wilkens, sureties on an indemnity bond, to recover actual and exemplary damages growing out of the seizure and sale under execution in favor of Jacobs Hat & Glove Company, of certain goods levied upon as the property of I. Aronson, but alleged to be the property of the plaintiff Chasen. Upon the trial there was a verdict and judgment for plaintiff for $120.75 and defendants appeal.

The case developed by the evidence was as follows: I. Aronson was doing a small mercantile business in Brenham, having a stock of goods of the value of about $500 or $600, and owing debts of about the same amount, including an indebtedness due to the Jacobs Hat & Glove Company of about $69. On May 25, 1905, Aronson sold out his entire stock, which was all the property he had subject to execution, to the appellee, Max Chasen, who was a relative by marriage. The consideration of the sale was $475, of which $250 was paid in cash to Aronson and the balance was paid by the assumption of a note due by Aronson to the bank in Brenham. Chasen testified that it was his intention to take the goods to Sealy where he had an interest in a dry goods business, but that finding that Aronson had rented the building in which he was doing business, until the 1st of the following January, and that the landlord would not release him, he hired Aronson at a salary of $40 per month to continue the business for the benefit, and in the name of Chasen. The bill of sale of the goods was at once recorded. Aronson replenished the stock from time to time, buying for Chasen and on his credit and paying for such goods out of the proceeds of the sale of the original stock. The debt due to the bank, which was in the form of a note by Chasen, was also paid by Aronson out of the proceeds of sales of those goods. In December, 1905, the Jacobs Hat & Glove Company having procured a judg-

ment against Aronson, at their instance an execution was levied upon certain of the goods which were sold. It developed upon the trial that none of the goods so sold were part of the original stock sold by Aronson to Chasen, but were all goods bought by Aronson for Chasen and paid for out of the proceeds of the sale of the original stock. This suit is to recover of the constable and sureties on the indemnity bond the value of the goods so sold.

Appellants defend on the ground that (1) the alleged sale by Aronson was a pretense and a sham, the title and possession of the goods never, in fact, having passed out of Aronson, and (2) if it was intended, as between the parties, that the title to the goods should really and in fact pass, that the sale was made by Aronson for the purpose of hindering, delaying and defrauding his creditors, and that this fact was known to Chasen, or that the facts and circumstances under which the sale was made were sufficient to put him upon inquiry which if prosecuted with reasonable diligence would have enabled him to ascertain Aronson's fraudulent intentions. Both of these issues were submitted to the jury, the court refusing a peremptory instruction requested by appellants to find for appellants. The refusal of this instruction is assigned as error.

Upon the issue as to whether the sale, as between Aronson and Chasen, was a real sale intended to pass the title of the goods to Chasen, and not a mere sham, the evidence was sufficient to require its submission to the jury, and the evidence is not such as to authorize us to set aside their verdict on the only ground urged by appellants, that it is without evidence to support it.

The court instructed the jury, in substance, that if the goods levied upon were not the original stock, but were goods purchased by Chasen, through Aronson, with the intent on the part of Chasen and those from whom the goods were purchased to put the title in Chasen, that Chasen would be the owner of the same. This charge is also assigned as error. Assuming, as established by the verdict of the jury, that the original sale by Aronson to Chasen was sufficient to pass the title as between themselves, and not a mere sham, even if it should have been void as to creditors, on the ground of Aronson's fraudulent purpose, known to Chasen; goods purchased by Aronson for Chasen and paid for out of the proceeds of sale of the original stock could not be reached by levy and sale under execution on the part of one of the defrauded creditors. Only the goods originally sold could be so reached. The title of the goods purchased with the proceeds of the original stock never was in Aronson. If the sale by Aronson to Chasen was a mere sham, as between themselves, the rule would be different, but where it is void only as to creditors on account of its fraudulent purpose, it seems to be settled by the authorities that the creditor can only levy an execution or attachment upon the identical property which the grantee has received under the fraudulent conveyance. (14 Am. & Eng. Ency. of Law, 2d ed., 312, citing Dobson v. More, 70 Ill. App., 89; s. c. 171 Ill., 271; McDonald v. Cohen, 5 N. Y. App. Div., 161.)

In the case of Rutledge v. Evans (11 Iowa, 290) it was held that where a debtor transferred property for the purpose of defrauding his creditors, and his vendee exchanged such property for other property,

the title and right of possession of such property taken in exchange
vested in the vendee and not in the debtor, and a judgment creditor of
such debtor could not hold the same by virtue of the levy of an execu-
tion.

We do not intend to hold that, if the sale be in fact fraudulent and
the vendee has knowledge or notice of the fraud the creditor would not
have a remedy by a direct proceeding against the vendee where he has
received the proceeds of the property sold.

The undisputed evidence showed that the goods levied upon were not
a part of the original stock, but were all goods subsequently bought by
Aronson for Chasen.  There was no error in giving the instruction com-
plained of by appellants.

As the verdict and judgment must be sustained upon the ground
that the evidence was sufficient to authorize the finding that the sale by
Aronson to Chasen, even if for the purpose of defrauding Aronson's
creditors and known to be such by Chasen, was nevertheless a real and
not a sham sale as between themselves and intended to pass the title of
the goods to Chasen, and the further ground that the goods levied upon
were not a part of the goods sold by Aronson to Chasen, it will not be
necessary to consider the state of the record upon the issue as to whether
the evidence conclusively showed that Chasen knew, or had notice of
Aronson's fraudulent purpose in making the sale.

There is no error in the record and the judgment is affirmed.

*Affirmed.*