## Anna E. Page, Defendant in Error, v. W. R. Wright, Plaintiff in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Fayette county; the Hon. James C. McBride, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Anna E. Page, the owner of a livery stock including an automobile, a gasoline engine and lighting outfit, and some other articles, sold the same to C. E. Wilson for $2,000, he giving in part payment his note for $1,025 due April 1, 1913, secured by a chattel mortgage on the livery outfit. On March 29, 1913, Wilson took up this note by executing a judgment note to Mrs. Page for $1,045.95 due ninety days after date, and also secured such note by chattel mortgage on the livery stock, which mortgage was duly acknowledged and recorded on April 5, 1913. On April 2, 1913, C. N. Cruse, a brother-in-law of Wilson, signed a note with him as his surety for $250, payable to the Ramsey Bank, and Wilson gave him a second mortgage on the livery stock for $600 to protect him. When the renewal mortgage matured, there being then due and unpaid upon it the sum of $1,060, Mrs. Page obtained a bill of sale from Wilson for the property named in the mortgage; and an arrangement was made that Wilson should hold the property for her use and keep account of the business done by him. It was also arranged that Wilson might sell the property if he could do so, and if anything was left after paying Page's indebtedness, he was to have it. Shortly afterwards, Wilson secured W. R. Wright to assist him in trying to dispose of the stock, and through this action Wright became acquainted with the manner in which Wilson

was holding the stock; and on learning that the bill of sale was not recorded, informed Wilson that the lien was invalid, and offered to buy the property of him. Cruse, with Wilson's consent, turned over the $600 mortgage to Wright who then paid off Wilson's note to the bank for $250, upon which Cruse was surety, and certain other notes owed by Wilson, amounting in all to $855; and thereupon Wilson gave him possession of the mortgaged property. Afterwards Wright sold the automobile for $150, and the livery stock proper to Lee and Gilbert for $1,000, leaving the gasoline engine, lighting plant and oil tank, valued at $300, on hand.

Mrs. Page contended that the sale from Wilson to Wright was not in accordance with the provisions of the statute in regard to sales in bulk.

A decree was entered against Wright in favor of Mrs. Page for $1,060, with interest at the rate of five per cent. per annum from the 1st day of October, 1913, and the costs of suit, from which the defendant appeals.

F. M. GUINN and E. B. SPURGEON, for plaintiff in error; PRETTYMAN, VELDE & PRETTYMAN, of counsel.

ALBERT & ALBERT, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

FRAUDULENT CONVEYANCES, § 308*—*when purchaser in violation of Bulk Sales Law liable to personal judgment.* Where the plaintiff sold a livery stock taking back a chattel mortgage thereon, which was duly recorded, the purchaser then giving a creditor a second mortgage, and at the maturity of the first mortgage gave the plaintiff a bill of sale of the property and agreed to sell it for the plaintiff's benefit, but later conspired with the defendant, who had

learned that the bill of sale was void because not recorded, and sold him the property without complying with the Bulk Sales Law, and the latter paid off the second mortgage and then sold the property to a third person, *held* that the sale to the defendant was void for noncompliance with the Bulk Sales Law, and that in a chancery suit against him a personal decree could be rendered in favor of the plaintiff for the amount due him under his bill of sale.

McBRIDE, J., having tried this case in the court below, took no part on the hearing in this court.

---

## A. Pixley, Appellant, v. John Swail, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Lawrence county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action by A. Pixley, the assignee of two notes purporting to have been signed by the defendant, John Swail, who denied the execution thereof. From a judgment in favor of the defendant, the plaintiff appeals.

The evidence as to the execution of the notes was conflicting. That of the plaintiff was to the effect that they were signed by the defendant, and that his signature was subsequently acknowledged before witnesses, who testified to that fact. The defendant testified that he did not sign the notes and denied that he ever acknowledged his signatures or requested any person to witness them. He also introduced the testimony of seven witnesses, six of them bank officials, who testified that they were familiar with the defendant's handwriting, and that the names attached to the notes were not his signatures.