### Chicago Specialty Shoe Company for use of Stein & Rosenthal, Defendant in Error, v. Walter Uhwat, Plaintiff in error.

#### Gen. No. 21,536.

FRAUDULENT CONVEYANCES, § 15*—*when creditor of vendor of goods in bulk cannot recover personal judgment against vendee.* The creditor of a vendor of goods in bulk cannot recover a personal judgment against the vendee because of the mere failure of such vendee to comply with the Bulk Sales Act, providing that such sale shall be void as against the creditors of such vendor unless the vendee gives certain notice to such creditors.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1915. Reversed and judgment here. Opinion filed January 17, 1916.

J. J. MOSER, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

By this writ of error defendant seeks to have reversed a judgment rendered against him in the Municipal Court for $11.41.

Plaintiff in its statement of claim alleges that on December 7, 1914, one F. Wanotowicz owed plaintiff $11.41 for merchandise sold to him; that on January

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4, 1915, said Wanotowicz sold his stock of merchandise to the defendant in bulk, said merchandise being valued at $500; that the "said parties in violation of the statutes of the State of Illinois, in force and effect on said date, did not notify the plaintiff, as is provided in said statute known as the 'Bulk Sales Act,' whereby defendant became liable to pay the claim of plaintiff." Defendant says that this claim does not state any cause of action, and in this we think defendant is correct. The "Bulk Sales Act," in brief, provides that the sale of a stock of merchandise "shall be fraudulent and void as against the creditors of the said vendor" unless the vendee shall at least five days before taking possession give written notice to creditors of the vendor of the proposed purchase and the terms of the sale. There is also a further provision therein that any vendor violating the obligations laid upon him to furnish to the vendee a list of the creditors shall be guilty of a misdemeanor and punished. We nowhere find any provision for any liability of the vendee to a vendor's creditor arising from any violation of this act. We hold that a creditor cannot recover a personal judgment against a vendee because of the latter's failure to comply with this act.

We have not been favored with any brief on behalf of the plaintiff.

In *Bewley v. Sims* (Court of Civil Appeals of Texas, application for writ of error dismissed by the Supreme Court), reported in 145 S. W. Rep. 1076, the court seems to have considered the decisions of other States having bulk sales acts similar to ours, and says: "In none of the states, so far as we have been able to find, has it been held that a mere purchase in bulk, as here, in violation of the statute, renders the vendee personally liable to the creditors of the vendor." This is in accord with the conclusion of the Supreme Court of New Hampshire in *McGreenery v. Murphy*, 76 N. H. 338. In *Dobson v. More*, 171 Ill. 271, it was held that

a creditor for goods sold to a partnership which became incorporated after the purchase, who levies an attachment on the corporate property, claiming it was transferred from the partnership to hinder creditors, must show to sustain the levy that the property attached was the same property transferred from the partnership and that the transfer was fraudulent.

For the reasons above indicated we are of the opinion that there is no liability of the defendant. Hence the judgment is reversed and judgment of *nil capiat* is entered in this court.

*Reversed and judgment here.*