## Grossfield & Roe Company, Defendant in Error, v. Antonio Zanni et al., Plaintiffs in Error.

### Gen. No. 30,249.

1. CONTINUANCES—*propriety of allowance to permit procuring of witnesses to obviate necessity of testimony by party's counsel.* Where counsel for defendant was able to testify to facts going to establish a defense, but, being counsel, wished not to do so, his application for a continuance to enable him to secure witnesses to supply the needed testimony should have been granted.

2. FRAUDULENT CONVEYANCES—*rights of creditor of vendor of stock of merchandise against vendee where Bulk Sales Act not complied with.* The mere fact that a sale of merchandise in bulk has not been made in accordance with the requirements of the Bulk Sales Act does not entitle the creditors of the vendor to maintain assumpsit against the vendee.

Error by defendants to the Municipal Court of Chicago; the Hon. JAMES J. O'TOOLE, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed. Opinion filed February 3, 1926.

CAIROLI GIGLIOTTI, for plaintiffs in error.

WEIL, WARD & ADAMS, for defendant in error.

Mr. Justice Taylor delivered the opinion of the court.

This is an appeal from a judgment obtained by the plaintiff, Grossfield & Roe Company, in the municipal court of Chicago, against the defendant Vito Daltolico, in the sum of $160.95.

On October 23, 1924, the plaintiff filed a verified statement of claim, in which Antonio Zanni, Vito Daltolico and Marco Lungo were described as defendants, alleging that the defendant Antonio Zanni was indebted to it in the sum of $160.95, for goods, wares and merchandise consisting of groceries sold and delivered to the defendant Antonio Zanni in July, 1924; and "that the said Zanni subsequently sold his business in bulk to the other defendants herein, without giving notice thereof as is by statute provided."

On October 11, 1924, service was had on the defendant Vito Daltolico. No service was had on either of the other defendants. On October 23, 1924, a trial took place before one of the judges of the municipal court, without a jury.

The record shows that on August 4, 1925, on motion of the defendant, it was ordered that an affidavit of merits be filed nunc pro tunc as of October 23, 1924.

The affidavit of merits, sworn to by the defendant, recites that he, Vito Daltolico "purchased the contents of the store located at 1327 West Ohio street at public auction on August 18, 1924, at a mortgage foreclosure, being the highest bidder; that he had no notice of claim of the plaintiff against any of the defendants, and was altogether within the law in purchasing the contents of said store. This defendant, Vito Daltolico, is not indebted to plaintiff in the sum claimed by plaintiff in its statement of claim, or in any other sum, as he never had any transaction with said plaintiff, either in person or by means of any agent."

At the trial, the defendant Vito Daltolico was called as a witness on his own behalf. No other witness was

called by either party. He testified that about ten o'clock on August 18, 1924, he bought a store located at 1327 West Ohio street; that the store at the time contained only furniture, and that the stock was of no value. Following that testimony, there was a colloquy between the court and counsel for both sides. Counsel for the defendant stated that there was a chattel mortgage on the property, which was recorded in the recorder's office, which the defendant did not have with him, but had at home. Counsel for the plaintiff stated that the defendant had failed to show that the sale was conducted by a public officer or by an auctioneer, or that notice was published or posted in accordance with the statute, and that the plaintiff was suing under the Bulk Sales Law. Counsel for the defendant then stated that he would produce the chattel mortgage, and the notice of sale which was posted on the door. The court then stated: "He has no proof here that it was sold at public auction, or that it was sold under foreclosure, absolutely none. Finding for the plaintiff in the sum of $160.95."

Following that, there was a further colloquy between court and counsel, and the court asked counsel for the defendant if he desired a continuance to bring in these papers, and, upon counsel for the defendant answering in the affirmative, the court asked, "What are the grounds why you should have continuance for more evidence at this time?" and counsel answered, "To bring documentary evidence." The court then said, "To sustain your affidavit of merits. That is what you want?" to which counsel for the defendant responded, "The affidavit of merits in this case."

After some further discussion, counsel for the defendant said that he desired to produce not only the papers, but a number of witnesses, and that he himself could testify, but as he was attorney for the defendant he did not think it proper for him to do so. The court then asked why he was not ready for trial

when the case was called, and counsel for the defendant stated that the defendant only came to him that morning. Then after counsel for the defendant stated that he was willing personally to testify, the court said, "Your motion for continuance is overruled." Counsel for the defendant then asked for a judgment in favor of the defendant. The court asked him if he had closed his case, and he said, "Yes." The court then found for the plaintiff, and entered judgment for $160.95 in favor of the plaintiff.

From the foregoing it will be seen that the case was tried on the theory that the pleadings consisted of the verified statement of claim and the affidavit of merits. It is true that the affidavit of merits was not marked "Filed" at the time, and was actually filed subsequently by an order *nunc pro tunc* as of the date of the trial, but we think it is only proper, however, having in mind the colloquy of court and counsel, which shows that the affidavit of merits was there and was considered as part of the pleadings at the time of the trial, and considering the order *nunc pro tunc,* to treat the affidavit of merits the same as if physically filed at the time of the trial.

It is contended on behalf of the defendant Vito Daltolico that the trial judge erred in refusing to give him a reasonable opportunity to produce evidence in support of his defense. The record shows that counsel for the defendant had only just been retained by the defendant, and that there were witnesses and papers which he desired to have present, in order to make out the defense set up in the affidavit of merits.

Counsel for the defendant stated that he could testify to the facts himself, but that, as he was attorney for the defendant, he did not wish to do so, and that he desired a continuance in order to produce certain papers and a number of witnesses. We think that, under the circumstances, the court in its discretion should have granted to the defendant the continuance

which was requested. But apart from that, and on the merits of the case, we find, upon examination of the statement of claim and consideration of all that counsel claims for the plaintiff, that no such cause of action was shown as would entitle the plaintiff to a judgment against Vito Daltolico. The statement of claim seems to have been drawn on the theory that where an owner sells in bulk the major part, or the whole, of a stock of merchandise without compliance with the Bulk Sales Act [Cahill's St., ch. 121a, ¶¶ 1-3], a creditor may sue the vendee directly in assumpsit for whatever may be due the creditor from the vendor. The Bulk Sales Act provides that certain sales in bulk are fraudulent and void, as against creditors, and further provides that a sale in violation of the Bulk Sales law constitutes a misdemeanor, but goes no further. Although a sale may be fraudulent and void, as against creditors, by reason of the Bulk Sales Act, it does not follow that the vendee immediately becomes a direct debtor so as to be liable, for example, in assumpsit, to the creditor. The fact that a sale is void as to creditors by reason of the Bulk Sales Act may be taken advantage of in proper proceedings by the creditor (*Ogden Ave. State Bank v. Cherry*, 225 Ill. App. 201; *Page v. Wright*, 194 Ill. App. 149), but that fact may in no way be said to give rise to a new obligation on the part of the vendee directly to the creditor, that is, such an obligation as may be enforced by the creditor against the vendee in a suit at law. *Chicago Specialty Shoe Co. v. Uhwat*, 197 Ill. App. 460.

We desire to call the attention of counsel for the defendant to the fact that in his brief there are statements and innuendoes, concerning the trial judge and his conduct, which are highly improper, and should not have been made. *Epstein v. Fort Dearborn Motor Cartage Co.*, 207 Ill. App. 321.

The judgment will be reversed.

*Reversed.*

THOMSON, P.J., and O'CONNOR, J., concur.